HOLY SPIRIT ASSOCIATION FOR the
UNIFICATION OF WORLD CHRIS-
TIANITY et al., Plaintiffs,

v.

Delbert PETERSON et al., Defendants.

No. 77 C 20075.

United States District Court,
N. D. Illinois, W. D.

Nov. 30, 1979.

Barry A. Fisher, Los Angeles, Cal., Edward T. Stein, Singer, Stein & Green, Chicago, Ill., for plaintiffs.

Stephen W. McCarty, City Atty., Rockford, Ill., Thomas Y. Mandler, Jenner & Block, Chicago, Ill., for defendants.

MEMORANDUM OPINION

GRADY, District Judge.

Plaintiffs have asked to reopen this case for the purpose of awarding attorney's fees. The issue is whether we may do this when neither a culpable official nor the governmental unit which enacted the unconstitu-

tional statute has ever been a party to the case. We believe we may.

Plaintiffs seek attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. That statute provides, in pertinent part:

> In any action or proceeding to enforce a provision of [42 U.S.C. §§ 1981, 1983, 1985, 1986] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

After a careful consideration of the issues involved, we believe that the Act provides for attorney's fees against the defendants in this case, *in their official capacity*, despite the fact that these defendants have not wilfully denied plaintiffs their constitutional rights.

In *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), the Supreme Court, interpreting the attorney's fees provision contained in Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a–3(b), held that a successful plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust. The Senate report on the Civil Rights Attorney's Fees Awards Act of 1976 indicates that the same standard applies under that Act:

> It is intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act. A party seeking to enforce the rights protected by the statutes covered by [the Civil Rights Attorney's Fees Award Act of 1976], if successful, "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."

S.Rep. No. 94–1011, 94th Cong., 2d Sess. 4 (1976), *reprinted in* U.S. Code Cong. & Admin. News, pp. 5908, 5912 (footnote and citation omitted). The Seventh Circuit has gone even further in holding that "a prevailing plaintiff should receive fees [under 42 U.S.C. § 1988] almost as a matter of course . . . ." *Davis v. Murphy*, 587 F.2d 362, 364 (7th Cir. 1978).

Here, the defendants chief of police and city attorney neither arrested nor prosecuted plaintiffs for any violation of the unconstitutional ordinance. Nevertheless, it was made clear to plaintiffs that the defendants, in their official capacities, would have been required to arrest and prosecute plaintiffs if plaintiffs had violated the ordinance. It was not until this court entered a preliminary injunction that the city council decided to repeal this obviously unconstitutional ordinance, and plaintiffs had every reason to believe they would be arrested and prosecuted if they solicited in violation of the ordinance. Plaintiffs were not required to violate the ordinance and suffer arrest in order to test its constitutionality. The filing of a declaratory judgment action was a proper way of obtaining an adjudication. Since the Attorney's Fees Awards Act applies to "any action or proceeding" brought to enforce certain civil rights laws, it applies to declaratory judgment actions challenging the constitutionality of municipal ordinances prior to their enforcement. In such a case, an award of attorney's fees under the Attorney's Fees Awards Act should not depend upon whether the officials charged with enforcement of the municipal ordinance were sympathetic to the ordinance or to the policy of the municipality. The allowance of attorney's fees in a civil rights suit is not to penalize the defendants but to encourage individuals injured in discrimination to seek judicial relief and to recompense those who by helping to protect basic rights are thought to have served the public interest. *See Morehead v. Lewis*, 432 F.Supp. 674 (N.D.Ill.1977); *Torres v. Sachs*, 538 F.2d 10 (2d Cir. 1976). The Act should be liberally construed to achieve these public purposes. *Seals v. Quarterly County Ct.*, 562 F.2d 390, 393 (6th Cir. 1977). We hold that plaintiffs are entitled to attorney's fees. However, because the defendants did not personally violate plaintiffs' rights, we believe defendants should only be liable in their official capacities. *See Pickett v. Milam*, 579 F.2d 1118 (8th Cir. 1978). It was the city's unconstitutional ordinance which plaintiffs

successfully challenged, and it is the city that should be liable for plaintiffs' attorney's fees.

We have no doubt that the plaintiffs are the "prevailing party" within the meaning of the Fees Act, even though the case did not go to judgment. The suit accomplished the repeal of the ordinance and won for plaintiffs the right to solicit without unconstitutional interference.

■■ In determining the proper amount of attorney's fees to be awarded, the court may consider its own knowledge and experience concerning reasonable and proper fees, and may form an independent judgment as to the value of the legal services rendered. *See, e. g., Brown v. Culpepper,* 561 F.2d 1177 (5th Cir. 1977). In this case, we have no difficulty assessing the value of counsel's services and do not need an evidentiary hearing on the question. The defendants do not argue with the number of hours claimed, and the number seems reasonable to us. We see no reason for distinguishing between the value of hours spent in and out of court, as suggested by defendants. The requested rate of $90.00 per hour does strike us as too high. The case was not complex. Plaintiff's counsel is obviously well versed in the applicable law, and a rate of $90.00 per hour might well be warranted in a case more challenging than this one. Here, however, the ordinance was patently unconstitutional on its face. While we were favored with a lengthy memorandum in support of the motion for a preliminary injunction, we did not request the memorandum, nor was it necessary. We believe plaintiffs' counsel will concede that much of that memorandum as well as other materials filed in this case was the product of work done in other similar cases.

We believe that $75.00 per hour is fair compensation. It is ordered that the defendants, in their official capacities, shall pay to Barry A. Fisher, Attorney for Plaintiffs, the sum of $2,700.00 as attorney's fees and the additional sum of $248.00 as expenses. Said payment shall be made within 30 days.