UNIVERSAL AMUSEMENT CO., INC., et al., Plaintiffs-Appellants,

v.

Fred HOFHEINZ et al., Defendants-Appellees.

No. 78–3755

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 1, 1981.

Marian S. Rosen, Clyde W. Woody, Houston, Tex., for plaintiffs-appellants.

Charles M. Williams and John G. Lione, Jr., Asst. City Attys., Houston, Tex., for defendants-appellees.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

JOHN R. BROWN, Circuit Judge:

In our original decision, *Universal Amusement Co., Inc. v. Hofheinz*, 616 F.2d 202 (5th Cir. 1980), we stayed the issuance of the mandate pending consideration of an additional damage claim in light of the recent pronouncements in *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) and the Fifth Circuit case construing *Owen, Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir. 1980). Upon reconsideration of the present case, we remain firm in our conviction that the District Court correctly stated the law concerning immunity of Government officials from liability for damages under the Civil Rights Act when officials are sued in their individual capacities. That portion of the decision

remains unaffected. However, neither the District Court nor our original opinion addressed the issue of damage liability when Government officials are also sued in their "official capacity".

 Briscoe makes it clear that qualified good faith immunity insulates Government officials *only* from liability in an individual capacity, but has no effect on liability in an official capacity in suits in which they would otherwise be susceptible to damage awards. *Briscoe*, 619 F.2d at 403. The Court in *Briscoe* reaches this conclusion based on *Owen* which states that regardless of the benign or good faith intentions of the officers through which it acts, a local governmental entity sued under § 1983 may not assert a good faith immunity defense. *Owen*, 445 U.S. at 638, 100 S.Ct. at 1409, 63 L.Ed.2d at 685–86. It necessarily follows that since actions for damages against a party in his official capacity are, in essence, actions against the government entity of which the officer is an agent, *Monell v. Department of Soc. Serv.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2036 n. 55, 56 L.Ed.2d 611, 635 n. 55 (1978), Government officials sued in their official capacity may not then assert good faith immunity as a defense. *Briscoe*, 619 F.2d at 403, n. 12.

Because the four named defendants in the present complaint—Mayor, City Councilmen, Chief of Police, City Attorney— were each sued in their "official capacity" as well as individual capacity, we conclude that the results reached in our original opinion are not now dispositive of the issue of liability which may lie against the City of Houston in light of these recent holdings. Therefore, we remand with the additional instructions that the District Court consider the applicability of a damage award against the City of Houston. In all other respects we affirm our original holding.

AFFIRMED IN PART; REMANDED IN PART.