JOANNE PORTER *vs.* TREASURER AND COLLECTOR OF TAXES OF
WORCESTER & others.[1]

Worcester. November 2, 1981. — February 23, 1982.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Civil Rights*, Attorney's fees.

A taxpayer who obtained a partial summary judgment declaring uncon-
stitutional the tax collection provisions contained in G. L. c. 60,
§§ 29-34A, and who was granted an injunction restraining city offi-
cials from the use of threats in attempting to collect automobile excise
taxes from her, was a "prevailing party" for purposes of an award of
attorney's fees under 42 U.S.C. § 1988 (1976). [340-342]

In a taxpayer's action resulting in a declaration that tax collection provi-
sions contained in G. L. c. 60, §§ 29-34A, are unconstitutional, and in
an injunction restraining municipal officers from the use of threats in
attempting to collect automobile excise taxes, it was error to deny the
plaintiff's motion under 42 U.S.C. § 1988 (1976) for attorney's fees on
the basis that the officers had acted in good faith and in their official
capacities when they threatened her with arrest and imprisonment for
failure to pay the tax. [342]

Where a taxpayer commenced an action against a city's tax collection offi-
cials, who were represented in the litigation by the city solicitor, and
after obtaining a partial summary judgment declaring unconstitution-
al the tax collection provisions contained in G. L. c. 60, §§ 29-34A,
amended her complaint by leave of court to add the city as a defend-
ant, the amendment did not constitute a special circumstance that
would make unjust an award of attorney's fees under 42 U.S.C. § 1988
(1976). [342-344]

CIVIL ACTION commenced in the Superior Court on Sep-
tember 28, 1977.

---

[1] Frank DeSantis, Frank Hagen, Richard Newton, Thomas O'Keefe,
and Dennis Shine, individually and in their capacities as deputy collectors
of taxes for the city of Worcester; and the city of Worcester.

The case was heard by *O'Connor*, J., and a motion for award of attorney's fees was heard by *Lappin*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Vida K. Berkowitz* for the plaintiff.

*Lee Weissinger*, Assistant City Solicitor (*John M. Hayes*, Assistant City Solicitor, with him) for the defendants.

LIACOS, J.   This appeal concerns a claim by the plaintiff against officials for the city of Worcester (city) for attorney's fees under 42 U.S.C. § 1988 (1976).   The plaintiff, on behalf of herself and others similarly situated, commenced a class action in September, 1977, for relief against the coercive use of threats of summary arrest and incarceration by local tax collectors.   See G. L. c. 60, §§ 29-34A, as amended through St. 1963, c. 160, § 29.[2]

The complaint sought (1) a declaration that G. L. c. 60, §§ 29-34A, the tax collection statutes, were unconstitutional under the Constitution of the Commonwealth and the United States Constitution, (2) preliminary and permanent injunctions against the use of arrest or threats of arrest to collect taxes, and (3) damages for the plaintiff individually under 42 U.S.C. § 1983 (1976).   The civil rights class action was directed at those sections of the tax law, existing in 1977, which authorized tax collection by imprisonment of the alleged debtor without notice and an opportunity to be heard, without right to counsel, and on information and belief without a warrant issued by any court.   The complaint alleged that the plaintiff and the class had been repeatedly threatened with arrest and imprisonment for failure to pay automobile excise taxes more than fourteen days after notification by the defendants that the taxes were past due.

---

[2] General Laws c. 60, § 29, as then in effect, provided: "If a person refuses or neglects to pay his tax for fourteen days after demand and the collector cannot find sufficient goods on which it may be levied, he may take the body of such person and commit him to jail until he pays the tax and charges of commitment and imprisonment, or is discharged according to law."

The trial judge found, as undisputed facts, that at various times during 1976 and 1977 the plaintiff received notices of motor vehicle excise taxes due. The demand notices and notices of warrant were from the defendants who were then employed in the city's treasurer and tax collector's office. The demands, in part, read that "unless said excise together with interest and $1.00 for this demand is paid within 14 days of the demand date, collection will be enforced according to law." The notices of warrant, over the signature of a person described as "Deputy Collector of Taxes for the City of Worcester," stated, in part, that "[y]ou are hereby notified that I hold a warrant for your arrest for the nonpayment of your . . . Motor Vehicle and Trailer Excise. . . . You will be constantly faced with arrest unless the total amount as stated above is paid to me within seven days from the date of this notice." In capital letters, the notices of warrant stated, "TOTAL AMOUNT TO DATE WHICH MUST BE PAID TO AVOID ARREST _____."

A temporary restraining order and preliminary injunction were granted against one of the defendants, ordering him to refrain from harassing or threatening the plaintiff for tax collection purposes. The defendants' answer to the complaint denied, inter alia, the unconstitutionality of the statute and asserted their power to collect the tax as authorized by the statute. The defendants admitted that they maintained records listing persons whose taxes were past due and that they routinely advised such persons that they might be subject to arrest for nonpayment of taxes. In addition, the defendants asserted that the Attorney General for the Commonwealth and the Commissioner of Corporations and Taxation were essential parties to the plaintiff's action.

In August, 1978, the plaintiff moved for partial summary judgment on her requests for declaratory and injunctive relief. Partial judgment was entered in February, 1979, declaring G. L. c. 60, §§ 29-34A, unconstitutional as being violative of due process and permanently enjoining the defendants from arresting, imprisoning, or threatening to arrest or imprison any delinquent motor vehicle excise taxpayer

pursuant to the statute.[3] This judgment also provided that neither the Attorney General nor the Commissioner of Corporations and Taxation were necessary parties to the action.[4]

In July, 1980, the plaintiff amended her complaint by leave of court to include the city as a defendant and to request an award of attorney's fees. Her motion to amend was unopposed and was granted in July, 1980.[5] The judge, however, at the hearing on the motion, denied the plaintiff's motion to assess attorney's fees.[6]

In his memorandum denying the plaintiff her attorney's fees, the motion judge found that the city was not made a party until after entry of partial summary judgment for the plaintiff, that the individual defendants had acted in good faith, and that judgment in the defendants' favor on the plaintiff's claim for damages had been entered by agree-

---

[3] In his "Memorandum Concerning Plaintiff's Motion for Partial Summary Judgment and Order of Partial Judgment," the judge ruled that the complaint was properly brought as a class action. The class, however, was never certified.

[4] Eleven months after the judge held the tax collection statutes unconstitutional, the Legislature acted to amend the tax collection statute by providing for judicial intervention prior to arrest and incarceration for nonpayment of taxes. St. 1980, c. 64, §§ 4-7 (approved April 7, 1980).

[5] The city, in its brief, alleges that it "did not have notice of the pending motion and was not served with a copy of the Complaint and the amendments to Complaint as required by Mass. R. Civ. P. 4 (d) (4) until October 2, 1980." Nowhere in the record, however, is there any indication that the alleged absence of notice was brought to the attention of the judge. "As no such issue was raised in the defendants' pleadings . . . and as no indication appears in the record of the [facts] having been raised below, the defendants are precluded from presenting [them] for the first time on appeal. *Milton* v. *Civil Serv. Commn.*, 365 Mass. 368, 379 (1974)." *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 724 (1976). We will refuse to consider "as a basis for reviewing the trial judge's rulings, arguments inspired by the loss in the trial court and urged for the first time on appeal." *Drury* v. *Abdallah,* 9 Mass. App. Ct. 865, 867 (1980).

[6] At the hearing on her motion, the plaintiff stipulated to the entry of judgment against her on her claim for damages against all defendants.

ment of the parties. For these reasons the judge denied the plaintiff's motion for attorney's fees.[7]

Final judgment was entered on February 3, 1981, incorporating the equitable relief granted on partial summary judgment, the judgment in the defendants' favor on the plaintiff's claim for damages, and the denial of attorney's fees. The plaintiff appealed from that part of the judgment denying her attorney's fees. We granted the plaintiff's application for direct appellate review and we now reverse.

*Entitlement to attorney's fees.* The plaintiff moved for an award of attorney's fees based on 42 U.S.C. § 1988 (1976). The statute in pertinent part, states that: "In any action or proceeding to enforce a provision of [section] . . . 1983 . . . the court, in it discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1976). "The standards for awarding attorney's fees under § 1988 are generally the same as those under the attorney's fees provisions of the Civil Rights Act of 1964." *Valcourt* v. *Hyland,* 503 F. Supp. 630, 640 (D. Mass. 1980).

We have recognized recently that "[t]here are essentially two prerequisites to an award of attorneys' fees under § 1988, both derived from the language of that section: first, that the applicant be considered a 'prevailing party' in the litigation; and second, that a court exercise its 'discretion' to award fees in the applicant's favor." *Draper* v. *Town Clerk of Greenfield,* 384 Mass. 444, 452 (1981). Although the statute provides that the award of an attorney's fee is in the judge's discretion, a prevailing plaintiff should normally recover an attorney's fee unless special circumstances would render the award unjust. *Draper, supra* at 454-456. See *Newman* v. *Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402 (1968); *Skehan* v. *Trustees of Bloomsburg State College,* 590 F.2d 470, 496 (3d Cir. 1978), cert. denied,

---

[7] The judge who heard this motion was not the judge who allowed the motion for partial summary judgment.

444 U.S. 832 (1979). The plaintiff argues that the trial judge abused his discretion in denying her motion for attorney's fees because the plaintiff was a prevailing party within the meaning of the statute and neither the individual defendants' "good faith" nor the city's late joinder as a named party to the law suit is a "special circumstance" that warrants denial of a fee award.[8] We discuss each of the plaintiff's contentions in turn.

1. "[P]laintiffs are 'prevailing parties' for § 1988 fee purposes 'if they succeed on any significant issue in litigation which achieves some of the *benefit* the parties sought in bringing suit'" (emphasis in original). *Draper, supra* at 453, quoting from *Nadeau* v. *Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978). See also *Hanrahan* v. *Hampton*, 446 U.S. 754, 757-758 (1980) (per curiam); *Sethy* v. *Alameda County Water Dist.*, 602 F.2d 894, 897-898 (9th Cir. 1979), cert. denied, 444 U.S. 1046 (1980). The plaintiff in the instant case obtained a partial summary judgment declaring G. L. c. 60, §§ 29-34A, unconstitutional and she won an injunction restraining the defendants from collecting automobile excise taxes from her by threatening her with summary arrest. Contrary to the defendants' contention that the plaintiff did not prevail on a "central issue" in the case, the relief that the plaintiff obtained was the central issue in her complaint.[9] The defendants further seek to

---

[8] The defendants in their brief point to various other special circumstances that would justify the judge's denial of attorney's fees against the individual defendants in their official capacities and as against the city. The defendants, however, cannot now rely on such grounds, as nowhere in the record is it indicated that these "special circumstances" were brought to the judge's attention. Even if the special circumstances argued on appeal were brought to the judge's attention, his denial of attorney's fees based on the good faith of the individual defendants and the late joinder of the city as a named party acts as an implicit denial of the presence of any other special circumstances.

[9] We note here, however, that there is no requirement that the plaintiff prevail on a "central issue" in the litigation to be entitled to an award of attorney's fees under 42 U.S.C. § 1988 (1976). See S. Rep. No. 94-1011, 94th Cong., 2d Sess. 5 (1976), reprinted in [1976] U.S. Code Cong. & Ad. News 5908, 5912 (fee awards appropriate where party prevailed on important

belittle the plaintiff's success in obtaining the declaratory judgment and injunction with allegations of "minimal relief" and "fail[ure] to advance the public interest." The plaintiff's suit succeeded in preventing the defendants from employing threats of unlawful arrest in an effort to collect taxes from her and others similarly situated. We do not believe that relief from such threats should be considered minimal or without benefit to the public.

The defendants' final contention is that the plaintiff's suit was unnecessary because the Legislature amended the offending statute before the partial summary judgment in the plaintiff's favor ripened into a final judgment.[10] Although the legislative history is silent regarding the motivation of the Legislature in enacting these amendments, we cannot say that the plaintiff's success in winning a judicial declaration that the tax collection statutes were unconstitutional was "completely superfluous" to the legislative action. See *Nadeau* v. *Helgemoe, supra* at 280-281. Cf. *Holy Spirit Ass'n for the Unification of World Christianity* v. *Peterson*, 489 F. Supp. 428 (N.D. Ill. 1979) (plaintiff recovered attorney's fees although repeal of municipal ordinance occurred after preliminary injunction declaring ordinance unconstitutional and before final judgment entered). *International Soc'y for Krishna Consciousness, Inc.* v. *Andersen*, 569 F.2d 1027, 1028 (8th Cir. 1978) (per curiam) (city ordinance amended after parties had submitted stipulation of fact and presented oral argument).

---

matter in course of litigation). The plaintiff need only obtain some significant part of the relief she sought, even without completing the full course of litigation. See, e.g., *Chicano Police Officer's Ass'n* v. *Stover*, 624 F.2d 127, 131 (10th Cir. 1980). Therefore, the plaintiff's agreement with the defendants to abandon her claim for damages does not vitiate her earlier success on the merits.

[10] The trial judge entered partial summary judgment in her favor in February, 1979, declaring the tax collection statutes to be unconstitutional. The bill amending G. L. c. 60, §§ 29-34, was introduced in January, 1980 (Senate Doc. No. 1667) and was approved in April, 1980 (St. 1980, c. 64, §§ 4-7). Final judgment was entered on February 3, 1981.

More importantly, however, the plaintiff would have been entitled to an award of attorney's fees after partial summary judgment entered in her favor. See S. Rep. No. 94-1011, 94th Cong., 2d Sess. 5 (1976), reprinted in [1976] U.S. Code Cong. & Ad. News 5908, 5912 (counsel fees may be awarded pendente lite), cited with approval in *Hanrahan, supra.* Legislative activity in the interim between partial summary judgment and final judgment should not affect that entitlement. Cf. *Williams* v. *Miller,* 620 F.2d 199, 202 (8th Cir. 1980) (plaintiff may be prevailing party even if suit mooted by voluntary actions of defendants).

2. The plaintiff contends that the judge erred in denying an award of attorney's fees against the defendants on the basis that in their official capacities they had acted in good faith. All of the § 1988 cases that our research uncovers hold that good faith is not a special circumstance that warrants a denial of attorney's fees to the plaintiff. See *Draper, supra* at 455 (enforcement of statute in good faith not special circumstances warranting denial of attorney's fees), citing *Supreme Court of Va.* v. *Consumers Union of the U.S., Inc.,* 446 U.S. 719, 739 (1980). Although good faith precludes an award of attorney's fees against named defendants in their individual capacities, *Hutto* v. *Finney,* 437 U.S. 678, 700 (1978), absence of bad motives does not bar an award against the named individuals in their official capacities. *Seattle School Dist. No. 1* v. *Washington,* 633 F.2d 1338, 1349 (9th Cir. 1980) (probable jurisdiction noted, 454 U.S. 890 [1981]). *Universal Amusement Co.* v. *Hofheinz,* 616 F.2d 202, 204 n.1 (5th Cir. 1980), remanded on other grounds, 646 F.2d 996 (5th Cir. 1981). *Johnson* v. *Mississippi,* 606 F.2d 635, 637 (5th Cir. 1979). *Haycraft* v. *Hollenbach,* 606 F.2d 128, 132 (6th Cir. 1979). *Nadeau* v. *Helgemoe, supra* at 280. *Pickett* v. *Milam,* 579 F.2d 1118, 1120-1121 (8th Cir. 1978). Thus, the judge erred in denying the plaintiff attorney's fees based on the defendants' good faith.

3. The plaintiff argues that the judge erred in denying attorney's fees against the city on the basis that the city was

not made a party until after the plaintiff obtained a declaration of the unconstitutionality of the challenged statute. We hold that the plaintiff's amendment, unchallenged in court, joining the city as a defendant, is not a special circumstance that would make an award of attorney's fee unjust.

The legislative history of the Civil Rights Attorney's Fees Awards Act of 1976 makes it clear that in suits for injunctive relief against individual officials, "attorney's fee awards should generally be obtained 'either directly from the official, in his official capacity, from funds of his agency or under his control, or from the State or *local government* (*whether or not the agency or government is a named party*).'  S. Rep. No. 94-1011, p.5 (1976)" (emphasis supplied). *Hutto* v. *Finney, supra.*  See also *Williams* v. *Alioto*, 625 F.2d 845 (9th Cir. 1980);  *King* v. *Greenblatt*, 489 F. Supp. 105 (D. Mass. 1980); *Holy Spirit Ass'n for the Unification of World Christianity* v. *Peterson, supra*; *Population Servs. Int'l* v. *Carey*, 476 F. Supp. 4 (S.D.N.Y 1979); *Fluhr* v. *Roberts*, 463 F. Supp. 745 (W.D. Ky. 1979).  The suit for injunctive relief, brought against the city's tax collection officials was, for all practical purposes, brought against the city.  See *Monell* v. *Department of Social Servs. of the City of N.Y.*, 436 U.S. 658, 690 n.55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent").  Accord, *Universal Amusement Co.* v. *Hofheinz*, 646 F.2d 996, 997 (5th Cir. 1981).  Where there is no indication that the named individual defendants litigated in bad faith, the city was "the entity intended by Congress to bear the burden of the counsel-fees awards."[11] *Hutto, supra.*

---

[11] The recent decision in *Owen* v. *Independence*, 445 U.S. 622 (1980), holds that municipalities are liable for the unconstitutional acts of their officials, even if performed in good faith.  See *Quern* v. *Jordan*, 440 U.S. 332, 351 (Brennan, J., concurring) (municipalities are "persons" for the purposes of 42 U.S.C. § 1983 [1976]).  The municipality, therefore, may be directly liable for payment of an attorney's fee in the proper circumstances.  See *Clanton* v. *Orleans Parish School Bd.*, 649 F.2d 1084, 1101 (5th Cir. 1981).  Cf. *Incarcerated Men of Allen County Jail* v. *Fair*, 507 F.2d 281, 288 (6th Cir. 1974).

The city can show no actual prejudice resulting from the plaintiff's amendment of her complaint to add it as a defendant. Throughout the entire litigation, the defendants were represented by the city solicitor for the city. Had the city been named as a defendant originally, it is most likely the city solicitor would have acted as defense counsel. The city solicitor shared the city's interest in disclaiming liability and in minimizing the amount of the plaintiff's recovery. See *Collins* v. *Thomas*, 649 F.2d 1203, 1205 (5th Cir. 1981). The city solicitor will not be heard now to argue that other counsel in some way would have done a better job for the city. Cf. *Hutto, supra* at 629 n.19.

*Conclusion.* The amount of attorney's fees to which the plaintiff is entitled was not decided by the judge. "Ordinarily the amount of an award of attorneys' fees is to be determined by the trial court and the role of an appellate court is to review for errors of law or abuse of discretion." *Furtado* v. *Bishop*, 635 F.2d 915, 920 (1st Cir. 1980). As there are no distinctive circumstances in this case which call for a departure from the general rule, cf. *Draper* v. *Town Clerk of Greenfield*, 384 Mass. 444, 455 (1981), we reverse the judgment and remand the case to the Superior Court for an assessment of attorney's fees, including the fees relating to this appeal. A new judgment is to enter wherein paragraphs 1, 2, 3, and 4 of the final judgment are to be restated and a new provision as to attorney's fees is to be included therein consistent with this opinion.

*So ordered.*