Dolores K. **DEARY**, et al., Plaintiffs,

v.

**GUARDIAN LOAN COMPANY, INC.,**
et al., Defendants.

No. 80 Civ. 1976 (MEL).

United States District Court,
S.D. New York.

May 16, 1983.

Toby Golick, Legal Services for the Elderly, New York City, John C. Gray, Jr., Brooklyn Legal Services Corp. B, Brooklyn, N.Y., for plaintiffs; Jane Greengold Stevens, Brooklyn, N.Y., of counsel.

Robert Abrams, Atty. Gen. of N.Y., New York City, for state defendants; Jeffrey I. Slonim, Asst. Atty. Gen., of counsel.

LASKER, District Judge.

Chief Judge Cooke, Judge Evans and the New York State Superintendent of Banks (the "state defendants") move to reargue the decision of June 9, 1981, in which their motion to dismiss was denied. Familiarity with the June 9, 1981 decision is assumed.

The state defendants contend: (1) that the relief that plaintiffs are seeking, an order that the state defendants engage in certain rulemaking, is barred by *Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980); (2) that the state defendants are not involved in applying the challenged statutes, and accordingly cannot be enjoined from doing so; and (3) that the action is barred by the holding of *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), that an action is not stated against state officials merely because they employ other state officials who have deprived a plaintiff of his constitutional rights.

Plaintiffs respond: (1) that they are not seeking an order that the state defendants conduct rulemaking; (2) that the state defendants are involved in applying the challenged statutes; and (3) that it is with respect to the state defendants own conduct, not the conduct of their subordinates, that they are being sued, and, accordingly, *Rizzo v. Goode* is inapposite.

### (1) *Rulemaking*

■ In support of their claim that plaintiffs are seeking "rulemaking" relief, the state defendants contend that previous orders submitted by plaintiffs have contained provisions which the state defendants construe as requiring rulemaking. For example, the plaintiffs' proposed partial judgment of August 25, 1982 contained a provision requiring Judges Cooke and Evans to instruct court clerks to develop appropriate forms and procedures regarding hearings with respect to restraints and levies. Plaintiffs answer that they have endeavored to request only such relief as is appropriate, but that, if they have erred by requesting inappropriate relief, that is not a basis for dismissal unless there is no form of relief which would be constitutionally permissible as to these defendants.

Plaintiffs' argument is persuasive. The state defendants do not contend that the Court has *entered* any order as to them which is inappropriate; rather, they argue only that plaintiffs have *proposed* inappro-

priate relief. The Court is aware of the limitations of its jurisdiction and the requirements of comity; the state defendants have no reason to be concerned that an improper order will be entered against them, even if improper proposals were to be made by plaintiffs.

Accordingly, the proper question is whether plaintiffs may seek *any* relief from the state defendants which would be appropriate.

### (2) *The Role of the State Defendants*

The state defendants argue that they do not enforce the challenged statutes, and that accordingly they take no actions which can be enjoined. In particular, they contend:

"Banks serve and accept restraining notices and executions; the defendant Superintendent of Banks does not. Likewise, neither the Chief Judge of the Court of Appeals nor the Chief Administrative Judge, in his official capacity, serves or accepts restraining notices or executions."

(Brief of State Defendants at 14).

Plaintiffs do not assert that the state defendants are the individuals who actually process and serve the challenged restraining notices. However, the plaintiffs do allege, and defendants do not dispute, that the court clerks, attorneys and banks who do process the challenged notices do so under the authority, supervision and regulation of the state defendants.

■ A plaintiff challenging the constitutionality of a state statute need not name as defendants only the state officials responsible for the ministerial acts in connection with the enforcement of the statute:

"[I]t would appear that the effect of *Ex parte Young,* 209 U.S. 123 [28 S.Ct. 441, 52 L.Ed. 714] (1908), is to permit a state officer to be named as a party defendant so long as such officer has 'some connection' with the enforcement of the statute in question ... [T]he important and material fact is simply the existence of *some connection* with the enforcement of the

act by virtue of the office held by the party defendant."

*Socialist Workers Party v. Rockefeller,* 314 F.Supp. 984, 988 n.7 (S.D.N.Y.) (emphasis added) (three-judge court; Feinberg, Palmieri & Tenney, JJ.) *aff'd,* 400 U.S. 806, 91 S.Ct. 65, 27 L.Ed.2d 38 (1970). For example, in *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), a leading case on the constitutionality of attachment statutes, the defendant Shevin was the Attorney General of Florida. As in the instant action, the challenged documents were issued by court clerks, not senior state officials such as the Attorney General. The question, therefore, is not whether the state defendant has placed his signature or stamp on the challenged form, but whether he has "some connection with the enforcement of the act by virtue of [his] office." *Socialist Workers Party, supra.* Plaintiffs have alleged that the state defendants do have such a connection with the enforcement of the act, and it cannot be said that plaintiffs "can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–6, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### (3) *Rizzo v. Goode*

■ In *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), the Supreme Court held that plaintiffs alleging a "pattern" of mistreatment by police officers failed to state a claim against the Mayor, the City Managing Director and the Police Commissioner because there was no "showing of direct responsibility" on the part of the named defendants for the improper conduct of the police officers in question. Rather, the *Rizzo* plaintiffs had posited a duty on the part of the named defendants to take affirmative action to eliminate police misconduct. *Id.* at 376, 96 S.Ct. at 606.

*Rizzo v. Goode* is inapposite to the present case because the plaintiffs here are alleging "direct responsibility" on the part of the state defendants for the allegedly unconstitutional actions in question. The *Rizzo* Court, reviewing the record after trial, found no evidence of "any authorization or approval" by the named defendants for

the improper conduct of their subordinates. *Id.* at 371, 96 S.Ct. at 604. In the case at bar, by contrast, plaintiffs contend that the state defendants have authorized and approved the challenged actions. Accepting the allegations of the complaint as correct, as we must on a motion to dismiss, plaintiffs' complaint against the state defendants stands.

Accordingly, plaintiffs have stated a claim against the state defendants, and the motion for reargument and to dismiss is denied.

It is so ordered.