**Dolores K. DEARY and Harvey London, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**GUARDIAN LOAN COMPANY, INC., Chase Manhattan Bank, N.A., Mullooly Jeffrey, Rooney & Flynn, Citibank N.A., European-American Bank, Chemical Bank, Sennet & Krumoltz, Sol Wachtler, Chief Judge and the New York Court of Appeals, the Administrative Board of the New York Courts and Robert J. Sise, Chief Administrative Judge of the United Court System of New York, Vincent Tese, Superintendent of Banks, Defendants.**

80 Civ. 1976(MEL).

United States District Court,
S.D. New York.

Dec. 26, 1985.

See also, D.C., 550 F.Supp. 642.

Toby Golick, Legal Services for the Elderly, New York City, for plaintiffs; John

C. Gray, Jr., Jane Greengold Stevens, Brooklyn Legal Services Corp. B, Brooklyn, N.Y., of counsel.

Robert Abrams, Atty. Gen., New York City, for State defendants; Howard L. Zwickel, Jeffrey I. Slonim, Asst. Attys. Gen., of counsel.

LASKER, District Judge.

Plaintiffs in this § 1983 action obtained a declaratory judgment that various New York State statutes pertaining to the enforcement of judgments were unconstitutional and an injunction against enforcement of these statutes. They now seek attorneys' fees as "prevailing parties" under 42 U.S.C. § 1988 from Chief Judge Sol Wachtler,[1] Chief Administrative Judge Robert J. Sise and Superintendent of Banks Vincent Tese ("the state defendants"). For the reasons set forth below the plaintiffs' motion is denied.

Dolores K. Deary and Harvey London brought this suit for declaratory, injunctive and compensatory relief on behalf of themselves and all other judgment debtors in the State of New York who had property exempt from restraint and execution under various state and federal laws.[2] Plaintiffs alleged that N.Y.CIV.PRAC.LAW §§ 5222, 5230 and 5232 (McKinney 1978), containing procedures for restraint and execution on judgments, violated the due process and supremacy clauses of the United States Constitution because they did not provide the judgment debtor with notice of, or an opportunity to challenge, the restraint or execution authorized by New York law. The state defendants, the banks which had served or accepted restraining notices concerning the named plaintiffs, the law firms which had served such notices, the New York Court of Appeals and the Administra-

tive Board of the Courts[3] were named as defendants in the complaint.

On December 8, 1980 the state defendants moved pursuant to Rules 12(b)(6) and 12(c), FED.R.CIV.P., for judgment on the pleadings dismissing the complaint against them for failure to state a claim. The motion was denied on the grounds that, *inter alia*, under *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980), a court and its members are not immune from suit when the relief that is sought from them is that they "exercise their supervisory powers to prevent enforcement of the existing procedures which plaintiffs challenge[d]," *Deary v. Guardian Loan Company, Inc.*, No. 80–1976, slip op. at 2 (S.D.N.Y. June 9, 1981), and that the state defendants are Rule 19(a)(1) (FED.R. CIV.P.) "necessary parties" since in their absence "complete relief cannot be accorded among those already parties." *Id.* at 1. The state defendants were instructed that their involvement in the case "need not require active defense ... unless they choose to assert it." *Id.* at 1–2.

By Memorandum Opinion, on March 2, 1982 plaintiffs' motion for summary judgment declaring unconstitutional the challenged sections of the N.Y.CIV.P.LAW was granted. *Deary v. Guardian Loan Company, Inc.*, 534 F.Supp. 1178 (S.D.N.Y. 1982). Subsequently, the plaintiffs and the defendants other than the state defendants submitted proposed orders to the Court. By letter dated January 3, 1983 counsel was advised that an order for "partial summary judgment" had been entered except that, as the letter stated,

"the ordering paragraphs that refer to Chief Judge Cooke and the Superintendent of Banks of the State of New York

1. Each of the present State defendants was automatically substituted for his predecessor in office pursuant to FED.R.CIV.P. 25(d)(1).

2. The class was certified on March 2, 1982 "with the qualification that the class [was] limited to those judgment debtors who receive income exempt under state or federal law and who currently maintain or in the future hold an account at the defendant banks." *Deary v. Guardian*

*Loan Co., Inc.,* 534 F.Supp. 1178, 1190 (S.D.N.Y. 1980).

3. The complaint against the New York Court of Appeals and the Administrative Board of the Courts was dismissed. *Deary v. Guardian Loan Co., Inc.,* No. 80–1976, endorsement decision (S.D.N.Y. Oct. 2, 1981).

[had been stricken] because the applicability of the judgment to those persons is sub judice."

At the Court's invitation, the state defendants subsequently moved to reargue the June 9, 1981 decision denying them judgment on the pleadings. The motion for reargument was denied on May 16, 1983. The decision stated that:

> The question, therefore, is not whether the state defendant has placed his signature or stamp on the challenged form, but whether he has "some connection with the enforcement of the act by virtue of [his] office."

*Deary v. Guardian Loan Company*, 563 F.Supp. 264, 266 (S.D.N.Y.1983) (quoting *Socialist Workers Party v. Rockefeller*, 314 F.Supp. 984, 988 n. 7, *aff'd*, 400 U.S. 806, 91 S.Ct. 65, 27 L.Ed.2d 38 (1970)). It concluded that "it cannot be said that plaintiffs 'can prove no set of facts in support of [their] claim which would entitle [them] to relief.' *Conley v. Gibson*, 355 U.S. 41, 45–6 [78 S.Ct. 99, 102, 2 L.Ed.2d 80] (1957)." *Id.*

Subsequent to the May 1983 decision, plaintiffs sought no further relief from the state defendants until they filed the motion for attorneys' fees which is the subject of this Memorandum.

\* \* \*

The state defendants assert that the plaintiffs are not entitled to an award of attorneys' fees from them. They argue that the plaintiffs have not "prevailed" against them because the claims against the state defendants were never adjudicated. They assert further that they were not needed for, and played no part in, the determination of the statutes' unconstitutionality. They add that the challenged statutes were enforced by attorneys or court clerks and that the state defendants did not apply or enforce the statutes which the plaintiffs attacked.

The plaintiffs respond that the judgment declaring the New York statutes unconstitutional and the injunction against enforcement of the statutes is binding on all the defendants in this action. They assert further that the injury suffered by the plaintiffs was not only the past restraint and execution on their property but the threat of repetition, and that the state defendants were the parties with the power to allow or prevent future injury.

■ Plaintiffs may properly sue enforcement officials in an action challenging the constitutionality of a statute in which plaintiffs seek declaratory and injunctive relief. *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 736, 100 S.Ct. 1967, 1977, 64 L.Ed.2d 641 (1980). Such "enforcement officials" may include courts and members of the judiciary when they are acting in an enforcement capacity. *Id.*

■ When § 1983 plaintiffs are the "prevailing parties", the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, authorizes district courts to award them "a reasonable attorney's fee". Consistent with the legislative scheme, attorney's fees may be recovered from state officials who are sued in their official capacity, *Hutto v. Finney*, 437 U.S. 678, 694, 98 S.Ct. 2565, 2575, 57 L.Ed.2d 522 (1978), and such fees should ordinarily be awarded "unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) (*per curiam*). "Accordingly, enforcement authorities against whom § 1983 judgments have been entered would ordinarily be charged with attorney's fees." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. at 738, 100 S.Ct. at 1977.

As of 1980, the year *Consumers Union* was decided,

> Fee awards against enforcement officials [were] run-of-the-mill occurrences, even though, on occasion, had a state legislature acted or reacted in a different or more timely manner, there would have been no need for a lawsuit or for an injunction.

*Id.* at 739, 100 S.Ct. at 1978. Relying upon this theory, courts continue to award attorney's fees based upon an enforcing-official theory of liability. *See O'Sullivan v. Bri-*

er, 540 F.Supp. 1200, 1207 (D.Kan.1982); *Connor v. Winter,* 519 F.Supp. 1337, 1343–44 (S.D.Miss.1981). Accordingly, the law supports the proposition that plaintiffs who have successfully attacked the constitutionality of a statute have prevailed against enforcement official defendants within the meaning of § 1988. However, a careful reading of the caselaw reveals that such awards are based upon an explicit or implicit determination that a defendant held liable for fees is in fact the "officer charged with responsibility for enforcing the legislative policy." *Connor v. Winter,* 519 F.Supp. at 1343. *See also Supreme Court of Virginia v. Consumers Union,* 446 U.S. at 737–39, 100 S.Ct. at 1977–78 (fee award would have been appropriate against the court and the chief justice since the court claimed inherent power to discipline attorneys and the court was authorized by statute to enforce the challenged disciplinary rule); *O'Sullivan v. Brier,* 540 F.Supp. at 1207 (attorney's fees awarded against the Secretary of State as the "state officer in charge of administering the election laws."); *Holy Spirit Association v. Peterson,* 489 F.Supp. 428, 429–30 (N.D.Ill. 1979) (fees awarded against the chief of police and the city attorney since they would have had to arrest and prosecute the plaintiffs if plaintiffs had violated the challenged ordinance).

▮ In the case at hand, whether the state defendants were "enforcement officials" was a vigorously disputed issue which was never resolved. Indeed, it was the absence of a resolution as to this question which, we concluded, made it inappropriate to include the state defendants in the judgment entered on January 4, 1983. Under these circumstances it cannot be stated with certainty that plaintiffs have prevailed against the state defendants as enforcement officials since there was never a determination that the state defendants were the officials properly charged with administering the challenged statute. *Cf. Annunziato v. The Gan, Inc.,* 744 F.2d 244 (2d Cir.1984) (attorney's fees award unwarranted where there was no evidence that The Gan, a private religious organization, was acting "under color of state law," a prerequisite to § 1983 liability).

In contrast to cases in which, for example, the defendants concede their enforcement role, *see Supreme Court of Virginia v. Consumers Union,* 446 U.S. at 721, 100 S.Ct. at 1969 (Supreme Court claims inherent authority to discipline attorneys), or the enforcement role is apparent, *see Holy Spirit Association v. Peterson,* 489 F.Supp. at 429, or there is a determination after an evidentiary proceeding that the defendants have an enforcement role, *O'Sullivan v. Brier,* 540 F.Supp. 1200, here, the nature of the state defendants' responsibilities in enforcing the statute is not readily apparent on the statute's face and the question of their enforcement duties, if any, was not considered in the decision declaring the statutes unconstitutional, nor were the merits of the proposition otherwise litigated. Moreover, where, as here, the state defendants include members of the judiciary who "enjoy absolute immunity from damages liability for acts performed in their judicial capacitie[s]," *Supreme Court of Virginia v. Consumers Union,* 446 U.S. at 735, 100 S.Ct. at 1976, it is particularly important to give careful consideration as to whether liability is properly based upon the exercise of their enforcement authority since imposition of a fees award might be erroneously premised upon acts or omissions as to which the defendants are immune. *See id.* at 738, 100 S.Ct. at 1977 (holding district court's award of attorney's fees was erroneous since court relied upon a theory of liability under which defendants had immunity).

Unquestionably, with respect to the litigation in general, plaintiffs in this action are prevailing parties under § 1988. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). And it is true that "a final finding of liability under § 1983 [is] not necessary for a fee award under § 1988." *Annunziato v. The Gan, Inc.,* 744 F.2d at 251; *see McCann v. Coughlin,* 698 F.2d 112, 128 (2d Cir.1983); *Gagne v. Maher,* 594 F.2d 336, 341 (2d Cir.1979), *aff'd,* 448 U.S. 122, 100

**634**

S.Ct. 2570, 65 L.Ed.2d 653 (1980) (plaintiffs may be prevailing parties where lawsuit is catalyst for the defendants taking corrective action). However, absent a determination that the state defendants may properly be considered enforcement officials, there is no nexus in this case between the state defendants and the plaintiffs' success. Accordingly, we conclude that an award of attorneys' fees at this time would be premature.

The plaintiffs' motion for attorneys' fees is denied.

It is so ordered.