Plaintiff Thomas C. Pappas appeals from a Land Court judgment dismissing his complaint challenging the validity of a foreclosure sale at which defendant Deutsche Bank National Trust Company (bank), the foreclosing bank, purchased the property for itself. The plaintiff's single-count quiet title action claimed that the foreclosure sale was void because the assignment of the mortgage to the bank did not comply with the requirements of the pooling and servicing agreement governing the loan. Applying settled law, the judge allowed the bank's motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). On appeal, the plaintiff abandons the only argument raised below and asserts a new claim that the "Notice of Sale" was defective. We affirm.
The contention that the bank did not comply with the requirements of the pooling and servicing agreement governing the loan was the sole basis of the plaintiff's complaint and the sole issue addressed in the plaintiff's opposition to the bank's motion to dismiss the complaint. The motion judge, citing well-settled law, ruled that (1) the Mortgage Electronic Registration Systems, Inc., acting as a nominee of the lender or its assigns or successors, may validly assign a mortgage it holds as nominee, see Shea v. Federal Natl. Mort. Assn. 87 Mass. App. Ct. 901, 903 (2015), (2) the assignment was valid on its face, see Bank of N.Y. Mellon Corp. v. Wain, 85 Mass. App. Ct. 498, 503 (2014), and (3) the plaintiff has no standing to raise issues concerning potential latent defects in the assignment process. Id. at 502-504. As the plaintiff makes no argument in his brief concerning the stated basis by the judge for her ruling, his appeal on this issue is waived. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).
For the first time on appeal, the plaintiff claims that there was a defect in the notice of sale. This is a wholly new theory to support his claim that the foreclosure was void. The notice issue was neither raised in the complaint or in the opposition to the motion to dismiss, nor was leave sought below to amend the complaint to add the claim below. It is well settled that "[w]e will refuse to consider 'as a basis for reviewing [a] ... judge's rulings, arguments inspired by the loss in the trial court and urged for the first time on appeal.' " Porter v. Treasurer & Collector of Taxes of Worcester, 385 Mass. 335, 338 n.5 (1982), quoting from Drury v. Abdallah, 9 Mass. App. Ct. 865, 867 (1980). The plaintiff, noting the general rule, argues that because the foreclosure deed was mentioned in the complaint, and because the notice of sale was attached to the foreclosure deed (neither of which were attached to the complaint), this panel should reach the issue in its de novo review of the motion to dismiss. We disagree. Since the new theory is raised for the first time on appeal, we will not consider it.
Judgment affirmed.