626 F.2d 1218
 Louise GIBBS, as Administratrix of the Estate of Calvin Ray
Gibbs, Deceased, Plaintiff-Appellant,
v.
The TOWN OF FRISCO CITY, ALABAMA POLICE DEPARTMENT, et al., Defendants,
Claude Green and Ralph M. Tatum, Individually and in their
capacity as Police Officers of the Frisco City
Police Department, Defendants-Appellees.
 No. 79-1929.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 1, 1980.
 
 Charles Stephen Ralston, Gail J. Wright, Steven L. Winter, New York City, for plaintiff-appellant.
 Coxwell & Coxwell, John M. Coxwell, Monroeville, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Alabama.
 Before VANCE and GARZA, Circuit Judges, and ALLGOOD*, District judge.
 VANCE, Circuit Judge:
 
 
 1
 On the night of November 14, 1976, plaintiff's son was chased into a shopping center parking lot in Monroeville, Alabama by police officers of the Town of Frisco City, Alabama, where he was shot and killed. Plaintiff, as administratrix of her son's estate, filed suit under 42 U.S.C. § 1983. Following trial the jury awarded her damages against the individual defendants totaling $12,000.[1] She then moved pursuant to 42 U.S.C. § 1988 for an award of a reasonable attorney's fee and expenses.
 
 
 2
 The district court concluded that a fair and reasonable fee for the work done by plaintiff's counsel would be $8,000.[2] The court reasoned, however, that because of the nature of this case one-half of the fee should be paid by the plaintiff herself out of her jury award.[3] Accordingly, it ordered that the defendants Green and Tatum pay a reasonable attorney's fee in the amount of $4,000 plus allowed expenses of $381.18. Plaintiff appeals challenging only that part of the holding that she pay one-half of the fee.
 
 
 3
 The first question involves the timeliness of the appeal. Final judgment was entered in this cause on January 29, 1979. The notice of appeal was stamped as filed in the district court on March 1, 1979. On prior consideration by another panel of this court, the case was remanded to the district court for a determination as to whether the failure of the plaintiff to file the notice within thirty days from the date of judgment was occasioned by excusable neglect.
 
 
 4
 The district court misread the affidavit then before it, finding that the mail delivery of the notice of appeal took two days rather than the usual one day, which in the experience of counsel for the plaintiff, was the normal time between Selma and Mobile. The court held that an unanticipated one day delay did not show unique circumstances so as to justify a finding of excusable neglect.
 
 
 5
 The affidavit establishes without dispute, however, that two days were allowed for the mailing which normally took one day, but that delivery of the mailing in fact took three days. There was no evidence to dispute that one day is normal. Indeed, the published service standards of the United States Post Office reflect that mail from Selma to Mobile is delivered overnight. Plaintiff's counsel did not check on the filing of the document because he had allowed twice the normal time for delivery. In fact it took three times the normal time for delivery.
 
 
 6
 The findings of fact being clearly erroneous, we presume that excusable neglect would have been found by the district court on a correct fact finding. We therefore reverse on the finding of no excusable neglect and hold the notice of appeal was timely filed and proceed to a review of the case on the merits.
 
 
 7
 The rule in this circuit regarding the award of attorney's fees under § 1988 is clear.
 
 
 8
 Although an award of attorney's fees pursuant to § 1988 is within the discretion of the District Court, this award should ordinarily be made in the absence of special circumstances which would render such an award unjust. This rule was announced in Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) with respect to awards of attorney's fees, in accordance with 42 U.S.C. § 2000a-3(b), to prevailing parties in actions brought under Title II of the Civil Rights Act. The legislative history of § 1988 reveals that awards of attorney's fees under this provision should be made just as readily as awards under § 2000a-3(b). S.Rep.No. 94-1011, 94th Cong., 2d Sess. 4 (1976), reprinted in (1976) U.S. Code Cong. & Admin. News pp. 5908, 5912. And on numerous occasions this Circuit has held that the Newman standard applies to § 1988 awards of attorney's fees. (Citations)
 
 
 9
 Universal Amusement Co. v. Hofheinz, 616 F.2d 202, 204-5 (5th Cir. 1980).
 
 
 10
 Recently, the Supreme Court held that the "statute (1988) states that fees are available in any § 1983 action." Maine v. Thiboutot, --- U.S. ---, 100 S.Ct. 2502, 2506, 65 L.Ed.2d 555 (1980) (emphasis in original). Indeed, the court has suggested that attorney's fees under § 1988 may be granted even if the claim on which the plaintiff prevailed was not under any civil rights statute at all, so long as it was pendent to a constitutional claim. Maher v. Gagne, --- U.S. ----, 100 S.Ct. 2570, 2576 n.15, 65 L.Ed.2d 653 (1980). This court, too, has warned against distinguishing for § 1988 purposes among cases depending on the category of the right vindicated. International Oceanic Enterprises, Inc. v. Menton, 614 F.2d 502, 503 (5th Cir. 1980) (rejecting distinction between personal and property rights). With respect to cases brought under § 1983 we recently affirmed that "Section 1988 requires a strong showing of special circumstances to justify denying an award of attorneys' fees and costs to the prevailing party . . . ." Riddell v. National Democratic Party, 624 F.2d 539, 543 (5th Cir. 1980).[4] Taken together, these principles compel the conclusion that classification of a suit as the equivalent in some way of a state wrongful death action is not a special circumstance sufficient to justify denial or reduction of an otherwise proper award of attorney's fees under § 1988.
 
 
 11
 That portion of the district court's order which requires that one-half of the attorney's fee be paid by plaintiff is reversed. The judgment for attorney's fee dated January 29, 1979 is vacated and the case is remanded with instructions that judgment be entered in plaintiff's favor for the entire $8,000 fee found to be reasonable for services of counsel at the trial level together with expenses and an additional fee covering services on this appeal. Said additional fee is to be set by the trial court pursuant to the guidelines in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).
 
 
 12
 REVERSED IN PART, VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 District Judge for the Northern District of Alabama, sitting by designation
 
 
 [1]
 The propriety of a § 1983 suit for a deprivation of life is not contested. See generally Scheuer v. Rhodes, 416 U.S. 232, 93 S.Ct. 3056, 37 L.Ed.2d 1040 (1974)
 
 
 [2]
 As part of its Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) analysis, the court found that, "(T)he lawyers were properly skilled in this case; indeed, attorney Chestnut's closing argument on behalf of the plaintiff was one of the most effective and memorable in this court's experience on the bench." The court noted that police brutality cases in the Southern District of Alabama are extraordinarily difficult to win, yet the award was at the low extreme of reasonable fees for non-contingent work in that district. We do not consider whether the lower court erred by failing to give more meaningful consideration to the highly contingent nature of the case, because plaintiff does not challenge the amount found to be reasonable
 
 
 [3]
 The district court reasoned as follows:
 At the outset of its analysis, the court notes that it was not for such actions as this that the Civil Rights Attorneys' Fees Act of 1976, Title 42 U.S.C.A., Section 1988 was enacted. The Court's impression is that the statutory purpose was to facilitate the litigation of important constitutional issues of some magnitude by permitting an award to the prevailing party. The instant case, which is really an Alabama wrongful death action hiding behind the constitutional skirts of section 1983 by virtue of the fact that police officers were involved, is clearly not the specific type of case that section 1988 is addressed to . . . . The Court is of the opinion that, as a general rule, attorney fee awards in such cases should be contingent upon recovery by the plaintiff and should be paid out of the proceeds recovered, as is generally the case in normal tort actions.
 
 
 [4]
 The Riddell court noted a line of cases from courts in other circuits denying attorneys' fees in § 1983 cases that were essentially private tort claims. Examination of the cited cases casts doubt on whether they could be read to support the trial court's order. If such line of authority ever existed, its continued existence in the wake of Maine v. Thiboutot and Maher v. Gagne is unsupportable. In any event, solely by its nature, a classical police brutality case does not present the strong showing of special circumstances that justifies denial of a fee award