Karl J. KIRCHBERG, Plaintiff,

v.

Joan Paillot FEENSTRA, Defendant-
Third-Party Plaintiff-Appellant,

v.

David C. TREEN and State of Louisiana,
Third-Party Defendants-Appellees.

No. 81-3560.

United States Court of Appeals,
Fifth Circuit.

July 5, 1983.

David Ware, Michael G. Collins, Ann Woolhandler, New Orleans, La., for defendant-third-party plaintiff-appellant.

Patricia Bowers, Eavelyn T. Brooks, Asst. Attys. Gen., New Orleans, La., for third-party defendants-appellees.

Before CLARK, Chief Judge, THORNBERRY and POLITZ, Circuit Judges.

THORNBERRY, Circuit Judge:

INTRODUCTION:

Appellant Joan Feenstra appeals from the district court's denial of attorney's fees under 42 U.S.C.A. § 1988 (West 1981). We hold that the district court abused its limited discretion in denying attorney's fees. Accordingly, we reverse and remand with instructions to award reasonable attorney's fees in accordance with the guidelines set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).

FACTS AND PROCEDURAL HISTORY:

In 1966, Joan and Harold Feenstra purchased a house in Orleans Parish, Louisiana. In 1974, Mrs. Feenstra filed a criminal complaint against her husband, charging him with molesting their minor daughter. While incarcerated on that charge, Mr. Feenstra retained Karl Kirchberg, an attorney, to represent him. Mr. Feenstra signed a $3,000 promissory note in prepayment for Mr. Kirchberg's services. As security on the note, Mr. Feenstra executed a mortgage in favor of Mr. Kirchberg on the home he jointly owned with his wife. The home was the community property of the Feenstras, and title to it was held in both their names. Mrs. Feenstra was not informed of the mortgage, and her consent to it was not required because under the law applicable at that time, former Art. 2404 of the Louisiana Civil Code Ann. (West 1971),[1] her husband had exclusive control of the disposition of their community property.

Mrs. Feenstra ultimately dropped the charge against her husband, and they subsequently divorced. The $3,000 promissory note was not paid, and the divorce papers apparently made no mention of it. Mrs. Feenstra first learned of the note when Mr. Kirchberg informed her that unless she paid it, he would move to foreclose the mortgage on her home. Upon her refusal, Mr. Kirchberg obtained an order of executory process directing the local sheriff to seize and sell the Feenstra home.

Anticipating Mrs. Feenstra's defense to the foreclosure action, Mr. Kirchberg filed an action in federal district court seeking a declaratory judgment that he was not liable under the Truth in Lending Act, 15 U.S.C. § 1635(a) [TILA], for any nondisclosures concerning the mortgage he held on the Feenstra home. Mrs. Feenstra counterclaimed that Mr. Kirchberg had violated the TILA, and added a second counterclaim against Mr. Kirchberg, and against the State of Louisiana and its Governor as third party defendants, challenging the constitutionality of the statutory scheme empowering her husband to unilaterally execute a mortgage on their jointly-owned home. Cross-motions on the TILA claims were denied. The State moved for summary judgment on the issue of the constitutionality of Article 2404, and Mr. Kirchberg joined in that motion. The district court granted the motion, holding that the Louisiana matrimonial property regime did not violate the Equal Protection or Due Process Clauses of the Fourteenth Amendment. *Kirchberg v.*

---

1. Article 2404 of the Louisiana Code, in effect at the time the mortgage was executed, provided in pertinent part:

    The husband is the head and master of the partnership or community of gains; he administers its effects, disposes of the revenues which they produce, and may alienate them by an onerous title, without the consent and permission of his wife.

    La.Civ.Code Ann. art. 2404 (West 1971).

    The Louisiana Legislature has since completely revised the provisions of the Louisiana Code governing matrimonial regimes, eliminating the head and master provision altogether. In 1979, Article 2404 was repealed and replaced by Article 2346, which provides in pertinent part:

    Each spouse acting alone may manage, control, or dispose of community property unless otherwise provided by law.

    La.Civ.Code Ann. art 2346 (West Cum. Pamphlet 1982) (effective Jan. 1, 1980). Mrs. Feenstra does not claim that her suit was a factor in bringing about the repeal of Article 2404.

    Although Mrs. Feenstra also challenged the constitutionality of former Article 2334 of the Louisiana Code, we addressed only her challenge to Article 2404 in our prior disposition of this case. Article 2334 does not concern us here. *See Kirchberg v. Feenstra*, 609 F.2d 727 (5th Cir.1979).

*Feenstra,* 430 F.Supp. 642, 648 (E.D.La. 1977).

This Court reversed on appeal. *Kirchberg v. Feenstra,* 609 F.2d 727 (5th Cir. 1979). Because the State failed to show that the mandatory designation of the husband as manager of the property was substantially related to its interest in providing by statute for the manner in which community property is managed, we concluded that Article 2404 violated the Equal Protection Clause. As a necessary preliminary to this determination, we established that an actual case or controversy existed between Mr. Kirchberg, the State of Louisiana, and its Governor, on the one hand, and Mrs. Feenstra on the other, rejecting the State's argument that the case had been mooted by the claimed dismissal of Mr. Kirchberg as a defendant, or by the claimed lack of any real or immediate threat of injury to Mrs. Feenstra. The only defendants to file a brief in that appeal were the State and its Governor; Mr. Kirchberg adopted their brief as his own.

Following our decision, Mr. Kirchberg filed an appeal, and the Supreme Court noted probable jurisdiction. *Kirchberg v. Feenstra,* 446 U.S. 917, 100 S.Ct. 1849, 64 L.Ed.2d 270 (1980). Although the State and the Governor did not appeal, they did file a motion to dismiss Mr. Kirchberg's appeal on the ground that extensive revisions in the State's community property law had rendered moot the controversy over the constitutionality of Article 2404. However, because this revision was effective only as of January 1, 1980, the Supreme Court concluded that the revised statutes did not govern the 1974 mortgage, and rejected the state defendants' motion. *Kirchberg v. Feenstra,* 449 U.S. 916, 101 S.Ct. 313, 66 L.Ed.2d 144 (1980).[2] Because a finding of mootness would have required that this

Court's opinion be vacated, Mrs. Feenstra's counsel were forced to oppose the state defendants' motion in the Supreme Court.

The Supreme Court unanimously affirmed this Court's decision in *Kirchberg v. Feenstra,* 450 U.S. 455, 101 S.Ct. 1195, 67 L.Ed.2d 428 (1981). The Court found that Mr. Kirchberg, as the party seeking to uphold a statute that expressly discriminates on the basis of sex, had failed to advance an "exceedingly persuasive justification" for the challenged classification. *Feenstra,* 101 S.Ct. at 1199. "Because appellant [Kirchberg] has failed to offer such a justification, and because the State, by declining to appeal from the decision below, has apparently abandoned any claim that an important government objective was served by the statute, we affirm the judgment of the Court of Appeals invalidating Art. 2404." *Id.*

On remand, the district court entered a declaratory judgment in favor of Mrs. Feenstra against Mr. Kirchberg, the State of Louisiana, and its Governor. The court also awarded costs to Mrs. Feenstra, but denied that portion of her motion for entry of judgment seeking an award of reasonable attorney's fees to her as the prevailing party under 42 U.S.C. § 1988, ordering instead that each party was to bear its own attorney's fees under the American Rule. Mrs. Feenstra filed a motion to alter or amend judgment. At a hearing held to determine the issue of attorney's fees, the district court denied her motion from the bench. Although somewhat unclear, the transcript of the colloquy between counsel and the court reveals that the court based its decision on the fact that Mrs. Feenstra had never formally pleaded § 1983 and that she was only seeking a declaratory judgment under 28 U.S.C. § 2201. The court further refused to use its equitable powers

---

**2.** In *Kirchberg v. Feenstra,* 450 U.S. 455, 101 S.Ct. 1195, 67 L.Ed.2d 428 (1981), the Supreme Court also noted that Louisiana's revision of the provisions governing matrimonial regimes did not moot the case at the time of the appeal to *this* Court.

These [new] provisions, however, did not take effect until January 1, 1980, and the

Court of Appeals was therefore required to consider whether Art. 2404, the Civil Code provision which had authorized Mr. Feenstra to mortgage his home in 1974 without his wife's knowledge or consent, violated the Equal Protection Clause of the Fourteenth Amendment.

*Feenstra,* 101 S.Ct. at 1198.

to change the award because of its determination that under the standard applied to prevailing defendants, plaintiff Kirchberg's original suit was neither frivolous, vexatious, nor brought in bad faith, and because Mrs. Feenstra's victory conferred no benefit on any broader class, but benefitted only herself. Mrs. Feenstra appeals that decision to this Court.

ANALYSIS:

■ Under the "American Rule," each party is generally required to bear its own attorney's fees. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). While recognizing the wisdom of this general rule, Congress has seen fit to enact a number of specific provisions providing for the award of attorney's fees to the prevailing party under selected statutes protecting various federal rights. *See Alyeska,* 95 S.Ct. at 1623 n. 33 for a list of these statutes. Since *Alyeska* was handed down, Congress has enacted more than ninety statutes authorizing the award of attorney's fees in specified situations. *See* 4 Fed. Attorney Fee Awards Rep. 2–3 (Harcourt Brace Jovanovich) No. 6 (October 1981).

■ While prevailing defendants in civil rights cases may be awarded attorney's fees only where plaintiff's action was frivolous, unreasonable, or without foundation, *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), prevailing plaintiffs in such cases "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) [hereinafter *Newman* rule]. *See also Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980); *New York Gaslight Club Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 2033, 64 L.Ed.2d 723 (1980); *Christiansburg Garment Co.,* 98 S.Ct. at

698; *Northcross v. Board of Education of Memphis City Schools,* 412 U.S. 427, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48 (1973).

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C.A. § 1988 (West 1981), provides that courts may award a reasonable attorney's fee to a prevailing party in certain civil rights actions.[3] In enacting section 1988, Congress expressly stated that "[a] party seeking to enforce the rights protected by the statutes covered by [this Act], if successful, 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402 [88 S.Ct. 964, 966, 19 L.Ed.2d 1263] (1968)." S.Rep. No. 94–1011, 94th Cong., 2d Sess. 4, *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5912. Congress explained the policy considerations underlying § 1988 in the following terms:

> [The] civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain.
>
> In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.

S.Rep. No. 94–1011, *supra* at 5910.

The Supreme Court has recognized that the *Newman* rule applies to prevailing plaintiffs seeking attorney's fees under section 1988. *Roadway Express,* 100 S.Ct. at

---

**3.** The final sentence of section 1988, as amended, provides as follows:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of

1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C.A. § 1988 (West 1981).

2462; *Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719, 100 S.Ct. 1967, 1977, 64 L.Ed.2d 641 (1980). This Court has faithfully followed the Supreme Court in applying the *Newman* rule to plaintiffs' suits for fees under that section. *Riddell v. National Democratic Party,* 624 F.2d 539, 543 (5th Cir.1980); *Gates v. Collier,* 616 F.2d 1268, 1276 (5th Cir.1980), *modified on other grounds,* 636 F.2d 942 (5th Cir.1981); *Universal Amusement Co., Inc. v. Hofheinz,* 616 F.2d 202, 204–05 (5th Cir.1980), *modified on other grounds,* 646 F.2d 996 (5th Cir.1981); *Morrow v. Dillard,* 580 F.2d 1284, 1300 (5th Cir.1978), *vacated sub nom. on other grounds Morrow v. Finch,* 642 F.2d 823 (5th Cir.1981).

### Nominal Defendants

■ The *Newman* rule applies only to prevailing plaintiffs. The district court apparently believed, and the State now argues on appeal, that Mrs. Feenstra was at most a prevailing defendant, and was therefore subject to the more rigorous standard enunciated in *Christiansburg,* 98 S.Ct. at 700. We disagree.

In enacting section 1988, Congress specifically provided that the *Newman* rule would apply to prevailing plaintiffs who were nominal defendants.

In the large majority of cases the party or parties seeking to enforce [rights protected by the statutes enumerated in section 1988] will be the plaintiffs and/or plaintiff-intervenors. However, in the procedural posture of some cases, the parties seeking to enforce such rights may be the defendants and/or defendant-intervenors. See, e.g. *Shelley v. Kraemer,* 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948).

S.Rep. No. 94–1011, 94th Cong., 2d Sess. 4, *reprinted in* 1976 U.S.Code Cong. & Ad. News 5908, 5912 n. 4. This footnote comes directly after the statement in the Senate Report that successful parties should ordinarily recover attorney's fees absent special circumstances that would render such an award unjust. It is clear that Congress intended that nominal defendants not be denied the benefit of the *Newman* rule where they prevailed on constitutional claims that they themselves brought.

This Court has given full effect to Congress' expressed intent in this regard. In *Riddell,* 624 F.2d 539 (5th Cir.1980), the Loyalist branch of the Mississippi Democratic party filed a § 1983 counterclaim against the Regular branch of that party, seeking to have the Mississippi exclusive registration statute declared unconstitutional as an impermissible restriction on first amendment associational freedoms. The district court's dismissal of the counterclaim was reversed by this Court on appeal. On remand, the district court denied the Loyalists § 1988 attorney's fees. We reversed and awarded fees, noting that "although technically defendants, the Loyalists constituted effective plaintiffs on the counterclaim. *Id.* at 543. *See also Kingsville Independent School District v. Cooper,* 611 F.2d 1109, 1114 (5th Cir.1980) (attorney's fees awarded to civil rights defendant and counterclaimant under *Newman* rule). The same principles apply in the case before us.

■ While it is true that Mrs. Feenstra was originally a defendant in the suit filed by Mr. Kirchberg seeking a declaratory judgment that he was not liable for nondisclosures under the Truth in Lending Act, it was she who brought the constitutional claim decided by the district court, this Court, and the United States Supreme Court. We hold that for purposes of § 1988, Mrs. Feenstra was the plaintiff on her constitutional claim, and is entitled to the benefit of the *Newman* rule.

### "Substantive" Defendants

The State advances yet another argument for finding that Mrs. Feenstra is a defendant on her constitutional claim. In its brief, the State claims that a "substantive defendant" is a party who seeks to protect a purely private interest (here, a home), while a "substantive plaintiff" is a private attorney general who, cloaked in the mantle of the public interest, seeks relief for himself and all others similarly situated (relying on *Coen v. Harrison County School Board,* 638 F.2d 24 (5th Cir.1981), *cert. denied,* 455 U.S. 938, 102 S.Ct. 1427, 71

L.Ed.2d 647 (1982) ). This novel and unnecessarily restrictive distinction effectively excludes from the ambit of the *Newman* rule *all* plaintiffs, not just nominal defendants, who obtain personal relief under one of the statutes enumerated in section 1988, and do not by their action benefit some other, ill-defined class of persons. *Coen* certainly does not authorize this distinction. In *Coen,* we held that for a party to prevail under section 1988, "it is enough that his suit has served to vindicate his rights, whether by court decision, consent judgment, or voluntary compliance by the defendant after the filing of suit." *Coen,* 638 F.2d at 26. We have found no other cases permitting such a cramped reading of the clear Congressional directive to apply the *Newman* rule to nominal defendants who are in fact prevailing plaintiffs. *See also Zarcone v. Perry,* 581 F.2d 1039, 1042 (2d Cir.1978), *cert. denied,* 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979). Although civil rights plaintiffs have traditionally been characterized as private attorneys general, the Supreme Court has not seen fit to distinguish between categories of plaintiffs on this basis in awarding section 1988 fees. Indeed, in *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 2507, 65 L.Ed.2d 555 (1980), the Court held: "[Section 1988] states that fees are available in *any* § 1983 action." (Emphasis in original). *Accord, Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 2575 n. 11, 65 L.Ed.2d 653 (1980). *See Gibbs v. Town of Frisco City, Alabama,* 626 F.2d 1218, 1221 (5th Cir.1980) ("This Court, too, has warned against distinguishing for section 1988 purposes among cases depending on the category of the right vindicat-

ed.") It is not our place to create distinctions where the Supreme Court has found none. Although nominally a defendant, Mrs. Feenstra was clearly the plaintiff in her constitutional claim, and is entitled to the benefit of the *Newman* rule for prevailing plaintiffs.

*Prevailing Plaintiff*

The State further argues that Mrs. Feenstra is not entitled to § 1988 attorney's fees because she did not "prevail" in her suit. Relying on *Criterion Club of Albany v. Board of Commissioners,* 594 F.2d 118 (5th Cir.1979), and *Coen, supra,* the State claims that because the Louisiana Legislature began the process of revising the unconstitutional head and master statutes independent of Mrs. Feenstra's action, and because her suit had no effect on their eventual repeal, she did not "prevail" on her constitutional claim.

The fact that the Louisiana Legislature has repealed Article 2404 and related statutes is quite beside the point. Mrs. Feenstra prevailed in the most convincing manner possible;[4] she obtained a judgment from this Court, affirmed by the Supreme Court of the United States, that Article 2404 was unconstitutional. Louisiana's repeal of the offending statutes affected her not in the slightest, as the nondiscriminatory statutes which replaced them went into effect many years after her husband mortgaged their home to Mr. Kirchberg. For the State to prevail on its argument, it would have to show that Mrs. Feenstra's action was mooted by the repeal. But the Supreme Court expressly rejected this argument. *Kirchberg v. Feenstra,* 449 U.S.

---

**4.** Even where litigation does not culminate in a final order or judgment for plaintiff, we have allowed plaintiff attorney's fees as long as he prevailed on the central issue in the case. *Iranian Students Association v. Edwards,* 604 F.2d 352, 353 (5th Cir.1979) (suit led to TRO and consent agreement); *Criterion Club,* 594 F.2d at 120 (suit a factor in legislative reapportionment). There is all the more reason to award section 1988 fees where plaintiff has prevailed on the central issue by actually obtaining a judgment. *See Riddell,* 624 F.2d at 539.

Congress has stated that section 1988 fees "are especially appropriate where a party has

prevailed on an important matter in the course of litigation, even when he ultimately does not prevail on all issues." S.Rep. No. 94–1011, *supra* at 5, *reprinted in* U.S.Code Cong. & Ad. News, *supra* at 5912. *Accord, Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980); *Barrett v. Thomas,* 649 F.2d 1193, 1201 (5th Cir.1981), *cert. denied,* 456 U.S. 925, 102 S.Ct. 1969, 72 L.Ed.2d 440 (1982). Even if Mrs. Feenstra did not prevail on her Truth in Lending counterclaim, she did prevail on her constitutional claim, an "important matter" however the latter term may be construed.

916, 101 S.Ct. 313, 66 L.Ed.2d 144 (1980); see *Kirchberg v. Feenstra*, 450 U.S. 455, 101 S.Ct. 1195, 1198 n. 6, 67 L.Ed.2d 428 (1981).

▇ The clearest, most succinct statement of the rule to be applied in determining whether a plaintiff has prevailed under section 1988 is found in *Coen*, 638 F.2d at 26–27, where we denied attorney's fees because "[a]s a realistic matter, the plaintiffs have not gained anything from this suit that they could not have obtained without litigation." Here, Mrs. Feenstra gained through litigation something she could not obtain by any other method; a judgment that the head and master statutes were unconstitutional at the time her husband mortgaged their home. We therefore hold that Mrs. Feenstra is a "prevailing" party for purposes of § 1988.

*Abuse of Discretion*

▇ Appellate review of a denial of § 1988 attorney's fees is governed by the abuse of discretion standard. However, as this Court stated in *Ellwest Stereo Theatre, Inc. v. Jackson*, 653 F.2d 954, 955 (5th Cir. 1981): "Although a district court's grant or denial of attorney's fees is reviewable only for abuse of discretion, the discretion afforded district courts to deny attorney's fees to prevailing plaintiffs under § 1988 is exceedingly narrow." *Accord, New York Gaslight Club*, 100 S.Ct. at 2032–33 (strong considerations favor an award of fees); *Aware Woman Clinic v. City of Cocoa Beach*, 629 F.2d 1146, 1150 (5th Cir.1980).[5] A prevailing plaintiff should ordinarily recover attorney's fees under section 1988 un-less special circumstances would render such an award unjust. *Taylor v. Sterrett*, 640 F.2d 663, 669 (5th Cir.1981); *Riddell*, 624 F.2d at 543. We have interpreted this to mean that absent special circumstances, a prevailing plaintiff should be awarded section 1988 fees *as a matter of course.* *Gates*, 616 F.2d at 1275 (emphasis added).

*Special Circumstances*

▇ Because Congress believed that the incentive of attorney's fees was critical to the enforcement of the civil rights laws, *Gates*, 616 F.2d at 1274, section 1988 requires an extremely strong showing of special circumstances to justify a denial of fees. *Riddell*, 624 F.2d at 543.

▇ Here, the State again emphasizes the private nature of Mrs. Feenstra's suit to invalidate her mortgage, arguing that a private claim is a "special circumstance" justifying the denial of fees. It is true that this Court recognized in *Riddell* that fees had been denied in a number of cases from other circuits where plaintiffs filed under section 1983 to recover what was essentially a tort claim for private monetary damages. This line of authority was still viable at the time we decided *Riddell*.[6] Since that time, however, this Court has concluded that "if such a line of authority ever existed, its continued existence in the wake of *Maine v. Thiboutot* and *Maher v. Gagne* is unsupportable." *Gibbs*, 626 F.2d at 1221 n. 4 (classification of a suit as the equivalent in some way of a state wrongful death action is not a special circumstance sufficient to justify denial or reduction of an otherwise

---

5. We are not persuaded by Mrs. Feenstra's argument that while the amount of an award is subject to review only for abuse of discretion, a determination as to a party's entitlement to a fee award is a question of law. The Supreme Court has reviewed denials of section 1988 fees under the abuse of discretion standard. *New York Gaslight Club*, 100 S.Ct. at 2033 ("the court's discretion to deny a fee award to a prevailing plaintiff is narrow.").

6. In *Riddell*, we also discussed a second line of cases under the "special circumstances" exception, in which plaintiffs' efforts did not contribute to their eventual receipt of the benefits they sought to obtain through litigation. *Riddell*,

624 F.2d at 544–45, citing *Bush v. Bays*, 463 F.Supp. 59, 66–67 (E.D.Va.1978) (no fee award to plaintiffs whose lawsuit was not a contributing factor in reforming challenged food stamp procedure) (alternate holding); *Young v. Kenley*, 465 F.Supp. 1260, 1264 (E.D.Va.1979) (no fee award to plaintiff whose frivolous suit was unnecessary to obtain relief desired) (alternate holding), vacated *Young v. Kenley*, 614 F.2d 373 (4th Cir.1979), reversed, *Young v. Kenley*, 641 F.2d 192 (4th Cir.1981). This line of cases may properly be analyzed as one in which plaintiffs simply failed to prevail on their claims. *See, e.g. Coen*, 638 F.2d at 26–27; *Criterion Club*, 594 F.2d at 120.

proper award of attorney's fees under section 1988).[7] We must reject the State's argument that the "private" nature of this claim is a special circumstance for purposes of awarding § 1988 attorney's fees.

In denying attorney's fees, the district court also relied on the fact that the State's defense of its statutes was carried out in good faith. Good faith is not a special circumstance. *Ellwest,* 653 F.2d at 955; *Aware Woman Clinic,* 629 F.2d at 1148–49. Accordingly, we hold that the State has failed to make the required strong showing of a special circumstance sufficient to justify the denial of § 1988 attorney's fees in this action.

### § 1983 Claim

Mrs. Feenstra filed her constitutional claim under 28 U.S.C. § 1331, pleading a violation of the equal protection clause of the fourteenth amendment. The suit was filed shortly after the Supreme Court's decision in *Alyeska,* 95 S.Ct. 1612, which reversed a line of authority in this and other circuits that permitted courts to award attorney's fees to prevailing civil rights litigants without explicit statutory authorization. At the time this suit was filed, no statute authorized the award of attorney's fees in actions brought under 42 U.S.C. § 1983. Congress did not enact § 1988 until after plaintiff filed this suit. This, coupled with the fact that § 1331 and the fourteenth amendment provided a sufficient jurisdictional basis for the suit, explain to some extent why an action under § 1983 was not included in the complaint. Mrs. Feenstra could, of course, have amended her complaint to include a cause of action under § 1983 after § 1988 was enacted. However, this Circuit did not resolve the question whether the eleventh amendment was a bar to the award of § 1988 fees against a state until our decision in *Rainey*

v. Jackson State College, 551 F.2d 672 (5th Cir.1977), which came down shortly *after* the district court's decision in this case. The issue was not definitively settled until the Supreme Court's subsequent decision in *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), which seized upon the language of § 1988 awarding attorney's fees "as part of the costs" to reach its holding that the eleventh amendment did not bar the award of § 1988 fees against a state. *Hutto,* 98 S.Ct. at 2575–77. *See also Morrow,* 580 F.2d at 1298–99. Mrs. Feenstra had little reason to hope that she could obtain § 1988 fees by amending her complaint to include an action under § 1983 until after the district court had already decided her claim brought directly under the fourteenth amendment.

The State now argues that because the suit was not brought under § 1983, Mrs. Feenstra is barred from claiming § 1988 attorney's fees.

Section 1988 applies to all cases pending at the time it went into effect. *Hutto,* 98 S.Ct. 2565, 2575 n. 23; *Morrow,* 580 F.2d at 1299–1300. In *Maher,* the Supreme Court stated:

> Section 1988 provides that attorney's fees may be awarded to the prevailing party "[i]n any action or proceeding to enforce [§ 1983]." Although the reference to actions "to enforce" § 1983 is somewhat imprecise in light of the fact that § 1983 does not itself create substantive rights, the legislative history makes it perfectly clear that the Act was intended to apply *in any action for which § 1983 provides a remedy.* (Emphasis added).

*Maher,* 100 S.Ct. at 2574 n. 11.

Neither party to this litigation disputes that § 1983 provides a remedy for this ac-

---

**7.** The fact that the award of attorney's fees will eventually be borne by the taxpayer is not a "special circumstance" sufficient to justify the denial of fees. *Williams v. Thomas,* 692 F.2d 1032, 1039 (5th Cir.1982); *Collins v. Thomas,* 649 F.2d 1203, 1205–06 (5th Cir.1981); *Aware Woman Clinic,* 629 F.2d at 1150; *see Maher,* 100 S.Ct. at 2575; *Hutto v. Finney,* 98 S.Ct. 2565, 2575–78 (1978). Prevailing plaintiff's

ability to pay is not a special circumstance, nor is defendant's decision not to appeal an injunction obtained through plaintiff's efforts. *Ellwest,* 653 F.2d at 956. That defendant acted in conformity with the law is not a special circumstance, *Johnson v. Mississippi,* 606 F.2d 635, 637 (5th Cir.1979), nor is the absence of invidious discrimination, *Johnson,* 606 F.2d at 637.

tion. Section 1983 confers no substantive rights, but merely provides a remedy for the violation of rights secured under the Constitution and laws of the United States. *Maher,* 100 S.Ct. at 2574 n. 11; *Thiboutot,* 100 S.Ct. at 2504–06. We do not mean to imply that § 1988 fees are available in any action which could be brought under § 1983, or even in any action which could have been brought under § 1983 prior to the enactment of § 1988. However, where, as here, the plaintiff had little if any reason to believe before the date of final judgment that amending her complaint to include an action under § 1983 would serve any useful purpose, we believe that the denial of attorney's fees would contravene Congress' intent in enacting § 1988. We have on numerous occasions noted that the courts " 'have taken an extremely liberal view on nearly every interpretative question that has arisen under § 1988.' " *Williams,* 692 F.2d at 1036 (quoting *Gates,* 616 F.2d at 1275). Rule 54(c) of the Federal Rules of Civil Procedure provides that a judgment shall grant the relief to which a party in whose favor it is rendered is entitled, even *if the party has not demanded this relief in his pleadings.* In accordance with Rule 54(c), prior decisions by this court have eschewed purely formalistic adherence to the language of pleadings. *See, e.g., Kelly v. West Baton Rouge Parish School Bd.,* 517 F.2d 194 at 197 (5th Cir.1975); *Smith v. United States,* 502 F.2d 512, 519–20 (5th Cir.1974). *See also Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). As we have already seen, § 1988 attorney's fees are awarded against a State as an element of costs, and costs are included in a judgment. Under Rule 54(d), we are authorized to grant in a judgment the relief to which a party is entitled, despite her failure to demand it in her complaint. We therefore hold that Mrs. Feenstra is entitled to reasonable attorney's fees under § 1988.

*Prevailing Plaintiff on a Pendent Non-fee Claim*

This result is consistent with several decisions by this Court and the United States Supreme Court.

In *Maher,* the Supreme Court stated that where a party prevails on a substantial non-fee claim pendent to a civil rights claim which the court, in an effort to avoid the unnecessary resolution of a constitution question, fails to reach, plaintiff is entitled to § 1988 fees as long as both claims arise out of a common nucleus of operative fact. *Maher,* 100 S.Ct. 2576 n. 15. *See Williams,* 692 F.2d at 1036; *Gibbs,* 626 F.2d at 1221. In *Williams,* we awarded attorney's fees to plaintiff on that very theory. In a case decided today, *Espino v. Besteiro,* 708 F.2d 1002 (5th Cir.1983), we awarded § 1988 attorney's fees on this same theory to a plaintiff who prevailed under section 1983. The district court never ruled on Espino's § 1983 claim, but instead grounded its relief on a federal statute, the Education for All Handicapped Children Act of 1975, which makes no provision for attorney's fees.

The present action presents an even stronger case for the award of attorney's fees than either *Williams* or *Espino.* We cannot in logic make an exception to the plain language of § 1988 by awarding to a plaintiff prevailing on a pendent, non-constitutional claim, attorney's fees plainly intended by Congress as an incentive to redress a constitutional violation, and then deny this exception to the very person for whom the incentive was designed. This would reward the artful pleader who nonetheless failed to directly vindicate his constitutional rights, while penalizing the successful litigant on a constitutional claim for an otherwise harmless oversight.

That the inartful pleader has a stronger claim to attorney's fees can also be shown by applying to him the two conditions imposed upon a prevailing pendent claim plaintiff. Under *Williams* and *Espino,* plaintiff's pendent claim must be substantial, and must arise out of the same nucleus of operative fact as the pretermitted constitutional claim. These two conditions are clearly intended to preclude fee awards for victories on inconsequential claims unrelat-

ed to the constitutional violations sought to be remedied. As is immediately evident, there is no need to apply these two conditions to the inartful pleader who prevails on his constitutional claim; it is analytic that they will be met in every case. Where the successful litigant on a constitutional claim by definition satisfies the only two conditions which might preclude the pendent claim plaintiff from recovering attorney's fees, it makes no sense whatsoever to deny fees to the successful litigant on the constitutional claim.

Although we recognize that the facts of this case do not actually fit within the contours of the pendent claim exception forming the basis of our holdings in *Williams* and *Espino,* our holding in this case is both consistent with and supported by the policies underlying those decisions.

*Conclusion*

We are satisfied that Mrs. Feenstra is entitled to reasonable attorney's fees under 42 U.S.C. § 1988. She prevailed on her constitutional counterclaim by obtaining a judgment that the challenged statute was unconstitutional. As a prevailing plaintiff, she is entitled to fees as a matter of course. We find no special circumstances justifying the denial of fees. And although Mrs. Feenstra did not formally plead § 1983, in light of the history of this case, her oversight is not enough to deprive her of the fees that are her due. We understand the district court's concern over the oversight in pleading, but nevertheless find that it abused its discretion in denying fees.

We therefore AFFIRM the district court's award of costs, REVERSE its denial of section 1988 attorney's fees, and REMAND this case to the district court with instructions to award reasonable attorney's fees in accordance with the criteria set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). Counsel for plaintiff are entitled to attorney's fees for the prosecution of the original claim in district court, and for their work in the prior appeal to this Court. *Jones v. Diamond,* 636 F.2d 1364, 1381 (5th Cir.1981), *cert. denied,* 453 U.S. 950, 102 S.Ct. 27, 69

L.Ed.2d 1033 (1981). Although the Civil Rights Attorney's Fees Awards Act of 1976 was passed after this litigation had commenced, its provisions embrace pending cases and include compensation for services rendered in these suits prior to its enactment. *Robinson v. Kimbrough,* 652 F.2d 458, 464 & n. 8 (5th Cir.1981); *Jones,* 636 F.2d at 1381. Counsel is further entitled to compensation for that portion of its services required to rebut the Suggestion of Mootness filed by the State in the United States Supreme Court. The award should also include an allowance for fees and costs incurred in contesting this award in the district court and on this appeal. *Riddell,* 624 F.2d at 547.

This Court has consistently required that a district court awarding attorney's fees under section 1988 make an express finding of record setting forth the basis of its award and stating the particular factors relied upon. *Morrow,* 580 F.2d at 1301. In reversing a district court's denial of attorney's fees, we have also requested that the court on remand make record findings on those special circumstances that justify denial of an award. *Concerned Democrats of Florida v. Reno,* 601 F.2d 891, 892 (5th Cir.1979), *remanded, Concerned Democrats of Florida v. Reno,* 493 F.Supp. 660 (S.D.Fla.1980); *reversed on other grounds, Concerned Democrats of Florida v. Reno,* 689 F.2d 1211 (5th Cir.1980). Proper appellate review requires that any district court denying § 1988 attorney's fees to a prevailing plaintiff who notices an appeal should henceforth set out the specific reasons justifying its action, in the form of written findings of fact and conclusions of law.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.