**CLIENTS' COUNCIL, Debra Wyatt, and Merlene McGloughlin, individually and on behalf of others similarly situated, Appellants,**

**v.**

**Samuel R. PIERCE, Jr., Secretary of the U.S. Department of Housing and Urban Development; Thomas Armstrong, Regional Administrator, Region Six, U.S. Department of Housing and Urban Development; Andrew Watts, Area Manager, U.S. Department of Housing and Urban Development; E.N. Pardue, Executive Director, Texarkana, Arkansas, Housing Authority; Jewell Shoptaw, Board Member, Texarkana, Arkansas, Housing Authority; Gene Harrelson, Board Member, Texarkana, Arkansas, Housing Authority; John Hoy, Board Member, Texarkana, Arkansas, Housing Authority; Morelle Jones, Board Member and Arlington Armstrong, Board Member, individually and in their official capacity and successors in office and Texarkana, Arkansas, Housing Authority, Appellees.**

No. 85–1523.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 21, 1985.

Decided Dec. 5, 1985.

Michael M. Daniel, Dallas, Tex., for appellants.

William Kanter, Dept. of Justice, Washington, D.C., for appellees.

Before HEANEY, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HEANEY, Circuit Judge.

Debra Wyatt and Merlene McGloughlin (hereinafter Clients' Council) appeal from an order of the district court denying their petition for attorneys' fees and costs as prevailing parties under 28 U.S.C. § 2412(b), and 42 U.S.C. § 1988. The district court held that Clients' Council was not entitled to fees under sections 1988 and 2412(b) because they did not prevail under any of the statutes listed in section 1988. We reverse and remand because we find that Clients' Council prevailed on a non-fee fifth amendment equal protection claim which was identical to equal protection fee claims under 42 U.S.C. §§ 1981 and 1982.

## I. FACTS.

The facts and issues underlying this attorneys' fees action are set forth in *Clients' Council v. Pierce*, 711 F.2d 1406 (8th Cir.1983), where we held that the Secretary of the Department of Housing and Urban Development and various other HUD officials violated the fifth amendment to the United States Constitution and title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 and § 3608(e)(5), by discriminating against black people who reside in or are eligible for public housing in Texarkana, Arkansas. On remand, the district court entered a remedial order and Clients' Council petitioned for attorneys' fees and costs as the prevailing party. The district court denied the petition and Clients' Council appeals. We consider each of Clients' Council's arguments in turn.

## II. DISCUSSION.

Clients' Council contends that the district court abused its discretion in denying its request for attorneys' fees and costs under 28 U.S.C. § 2412(b)[1] and 42 U.S.C. § 1988[2]. They argue that even though relief was granted under the fifth amendment, the same relief could also have been awarded under either section 1981 or section 1982, and thus, attorneys' fees should have been awarded under "the general rule that when the claim upon which a plaintiff actually prevails is accompanied by a 'substantial,' though undecided [section 1988 listed] claim arising from the same nucleus of facts, a fee award is appropriate." *Smith v. Robinson*, —— U.S. ——, ——, 104 S.Ct. 3457, 3464, 82 L.Ed.2d 746, 759 (1984), citing *Maher v. Gagne*, 448 U.S. 122, 130–31, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980). *See also Consolidated Freightways v. Kassel*, 730 F.2d 1139, 1141–42 (8th Cir.1984) ("If [any of the statutes listed in section 1988] would have been an appropriate basis for relief, then Consolidated is entitled to attorney's fees under section 1988 even though relief was actually awarded on another ground.")

The government's central argument in response is that Clients' Council's argument is contrary to this Court's recent holding in *Premachandra v. Mitts*, 753 F.2d 635 (8th Cir.1985) (en banc). In *Premachandra*, the plaintiff prevailed on a claim that the United States Veterans Administration violated his procedural due process rights under the fifth amendment when he was discharged from employment without a pretermination hearing. The district court awarded Premachandra attor-

---

**1.** 28 U.S.C. § 2412(b) provides:

> Unless expressly prohibited by *statute*, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

**2.** 42 U.S.C. § 1988 provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

ney's fees under section 1988 on the theory that although section 1988 does not specify the fifth amendment as a basis for an award of attorney's fees, fees could be awarded because the United States' conduct would have been actionable under section 1983—a statute listed in section 1988 as a basis for a fee award—had Premachandra pled section 1983 and had the United States acted under color of state law. After a divided panel affirmed the fee award, this Court *en banc* reversed on the ground that fees may not be awarded to a party who prevails on a fifth amendment claim simply because the claim is analogous to one which could possibly have been raised under section 1983. Significantly, however, we noted that "[s]ection 2412(b) will continue to expose federal officials to fee awards for violations of the other statutes listed in section 1988. *See, e.g., City of Milwaukee v. Saxbe*, 546 F.2d 693, 703 (7th Cir.1976) (federal officials acting under color of federal law subject to liability under 42 U.S.C. § 1981 (1982))." *Premachandra*, 753 F.2d at 641 n. 7.

Accordingly, it is clear that if Clients' Council had prevailed under sections 1981 or 1982, a fee award would have been justified. Additionally, under *Smith*, —— U.S. at ——, 104 S.Ct. at 3464, 82 L.Ed.2d at 759, and *Maher*, 448 U.S. at 130–31, 100 S.Ct at 2575, Clients' Council would be eligible for a fee award regardless of whether it prevailed on sections 1981 or 1982 so long as it raised a "substantial" claim under either of these statutes and so long as the claims shared a common nucleus of fact with the prevailing fifth amendment claim.

The difficulty is that although Clients' Council's complaint raised an equal protection claim under sections 1981 and 1982, its amended complaint deleted reference to these sections and raised the same equal protection claim under the fifth amendment.[3] Clients' Council, however, cites numerous cases in which this Court and others have held that "[a] party is entitled to whatever relief is appropriate under the proof, even if the party has not demanded such relief in his pleadings. Fed.R.Civ.P. 54(c). In determining who is a 'prevailing party' for fee purposes, the important thing is what relief was awarded on the facts and the law, not what relief was expressly requested by the pleadings." *Fast v. School Dist. of Ladue*, 728 F.2d 1030, 1033 (8th Cir.1984) *(en banc)*. *See also Webb v. Hiykel*, 713 F.2d 405, 407–08 (8th Cir.1983); *Oglala Sioux Tribe v. Andrus*, 603 F.2d 707, 714 (8th Cir.1979). This principle is particularly appropriate in this case because plaintiffs proceeded on the theory that they were denied equal protection of the law, and the *sub silentio* deletion of the sections 1981 and 1982 claims and the use of a fifth amendment theory in their stead did nothing to mislead the government as to the nature of the claim to which it was required to respond. *See, e.g., Webb*, 713 F.2d at 408.

In sum, this case is distinguishable from *Premachandra* because that case involved a claim that attorney's fees should be available against the government for a fifth

---

**3.** Clients' Council points out that the district court never granted leave to file the amended complaint. The government responds by pointing out that we noted in *Clients' Council I*, 711 F.2d at 1408 n. 7, that the "district court apparently granted [leave to file the amended complaint] *sub silentio*." We were not squarely faced with the question of whether the sections 1981 and 1982 claims remained in the case because the same equal protection claim was presented under the fifth amendment. In short, it appears that even if the claims under sections 1981 and 1982 were deleted, they were deleted inadvertently and the nature of the equal protection claim was unchanged. For cases discussing similarities between equal protection claims against the federal government under the fifth amendment, and sections 1981 and 1982, *see, e.g., General Building Contractors v. Penn*, 458 U.S. 375, 377–78, 390 n. 17, 391, 102 S.Ct. 3141, 3143, 3149 n. 17, 3150, 73 L.Ed.2d 835 (1981); *Memphis v. Greene*, 451 U.S. 100, 119–22, 101 S.Ct. 1584, 1596–97, 67 L.Ed.2d 769 (1981); *Hurd v. Hodge*. 334 U.S. 24, 30–31, 68 S.Ct. 847, 850–851, 92 L.Ed. 1187 (1948); *Taylor v. City of St. Louis*, 702 F.2d 695 (8th Cir.1983); *Taylor v. Jones*, 653 F.2d 1193, 1200 (8th Cir.1981); *Johnson v. Alexander*, 572 F.2d 1219, 1223 (8th Cir. 1978); *Baker v. F & F Investments*, 489 F.2d 829, 832–33 (7th Cir.1973); *Detroit Housing Commission v. Lewis*, 226 F.2d 180, 183 (6th Cir.1955).

amendment procedural due process claim which was at best similar to a section 1983 claim but which would have required a much different theory of proof to establish liability. Moreover, *Premachandra* expressly limited its holding to section 1983 and stated that the federal government could still be liable for fees when a plaintiff prevailed on a section 1981 claim or raised under that section a substantial claim which shared a common basis of fact with a prevailing non-fee claim. In our view, it would be unjust and inconsistent with the modern rules of pleading to deny fees to a plaintiff who originally pleaded but ultimately failed to pursue a statutory fee claim, but prevailed on an identical constitutional claim. *See Kirchberg v. Feenstra,* 708 F.2d 991, 999–1001 (5th Cir.1983).

Accordingly, having found no other reason why Clients' Council should be denied attorneys' fees and costs, we find that the district court abused its discretion in denying Clients' Council's fee request. We remand to the district court for a determination of an appropriate fee award.

Reversed and remanded.