IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50247

_____

TEXAS INDEPENDENT PARTY, MARTHA BYRAM, LINDA CURTIS, JULIUS DREW, SR., ROBERT EARL DUBOSE III, GILBERTO ("GIL") GAMEZ, KEN HENDERSON, DAVID JONES, JACQUELYN MITCHELL, TERRY MOSER, STEVE ROSSIGNOL,

Plaintiffs-Appellants,

versus

RONALD KIRK, in His Official Capacity as Secretary of State of the State of Texas,

Defendant-Appellee.

_____

Appeal from the United States District Court for
the Western District of Texas
(A-94-CV-175)

_____
January 13, 1998
Before DAVIS, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Following this court's opinion in *Texas Independent Party v. Kirk*, 84 F.3d 178 (5th Cir. 1996), the Texas Independent Party, eight candidates who sought nomination for public office in the general election of November 8, 1994, and two independent candidates for public office in that election (collectively "appellants") filed a motion in district court for an award of attorneys' fees pursuant to 42 U.S.C. § 1988, seeking $26,925 in

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

attorneys' fees and $1,468 in expenses.  The district court denied the motion, and this appeal followed.  Finding the district court improperly denied the appellants' motion, we reverse and remand for further proceedings.

On March 10, 1994, appellants filed a claim against the Texas Secretary of State, alleging that various provisions of the Texas election laws, which prescribe deadlines and imposed voter registration number requirements on nominating petitions for independent candidates were unconstitutional.  The appellants sought injunctive relief, declaratory relief, and attorneys' fees and costs.

Finding no relief in the district court, the appellants appealed the judgment to this court.  This court affirmed the judgment as it related to the challenged filing deadlines, but reversed that portion of the district court's opinion which upheld the state law requiring that voter registration numbers be included on independent candidate petitions.  *See Texas Indep. Party*, 84 F.3d at 187.

On remand the appellants moved for attorneys' fees and expenses under 42 U.S.C. § 1988, which provides that a prevailing party may collect reasonable attorneys' fees as part of the costs. The district court denied the motion, characterizing the appellants' appeal as a "limited success," which represented "only a tiny fraction of the relief sought," and which did not afford the appellants prevailing party status under § 1988.

We review the district court's denial of attorneys' fees

for abuse of discretion, *see Cooper v. Pentecost*, 77 F.3d 829, 831 (5th Cir. 1996), but "the discretion afforded district courts to deny attorneys' fees to prevailing plaintiffs under § 1988 is exceedingly narrow," *Ellwest Stereo Theatre, Inc. v. Jackson*, 653 F.2d 954, 955 (5th Cir. Unit B Aug. 1981). "Congress has instructed the courts to award attorneys' fees as an incentive for parties who prevail in protecting important constitutional rights . . . ." *Riddell v. National Democratic Party*, 624 F.2d 539, 546 (5th Cir. 1980). As a result, a prevailing party is entitled to an award for attorneys' fees under § 1988 "unless special circumstances would render such an award unjust." *Kirchberg v. Feenstra*, 708 F.2d 991, 998 (5th Cir. 1983). This has come to mean that "absent special circumstances, a prevailing plaintiff should be awarded section 1988 fees *as a matter of course*." *Id.* Consequently, we must determine (1) if the appellants were the prevailing party for the purposes of awarding attorneys' fees and (2) whether special circumstances exists which would render an award of attorneys' fees unjust. *See Robinson v. Kimbrough*, 652 F.2d 458, 464 (5th Cir. Aug. 1981).

"'The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship between the parties.'" *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S. Ct. 566, 573 (1992) (quoting *Texas State Teachers Assn. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93, 109 S. Ct. 1486, 1493 (1989)). This court has held that a party prevails "if the relief obtained, through judgment or settlement, materially alters the defendants'

behavior in a way directly benefiting the plaintiff." *Watkins v. Fordice*, 7 F.3d 453, 456 (5th Cir. 1993).

Following their appeal to this court, the appellants were clearly the prevailing party in one aspect of this case. The appellants challenged the district court's decision upholding Texas's prescribed deadlines and voter registration number requirement. This court affirmed the judgment as it related to the challenged deadlines, but reversed that portion of the district court's opinion which upheld the state law requiring that voter registration numbers be included on independent candidate petitions. *See Texas Indep. Party*, 84 F.3d at 187. As a result, the appellants have succeeded in obtaining at least part of the relief they sought. Moreover, our opinion altered the legal relationship between the parties in that the defendant must now modify its behavior in a way that directly benefits the appellants in all future elections in the state of Texas. *See Farrar*, 506 U.S. at 111-12, 113 S. Ct. at 573.

The district court's order articulated no special circumstances for denying the appellants' motion for attorneys' fees and costs. Even though the issue on which the appellants prevailed in this case comprised only two pages of a twenty-page motion for summary judgment and may or may not have required the appellants to present novel or complex issues of law, "the prevailing party inquiry does not turn on the magnitude of the relief obtained." *Id.* at 114, 113 S. Ct. at 574. Once "litigation materially alters the legal relationship between the parties, 'the

4

degree of the [appellants'] overall success goes to the reasonableness'" of the fee award. *Id.*, 113 S. Ct. at 574 (quoting *Garland*, 489 U.S. at 793, 109 S. Ct. at 1494). Furthermore, our review of the record reveals no special circumstances that would render an award of attorneys' fees unjust. *See Riddell*, 624 F.2d at 543 ("Section 1988 requires a strong showing of special circumstances to justify denying an award of attorneys' fees and costs to the prevailing party . . . .").

Thus, the district court's order is insufficient to justify a total denial of an award of attorneys' fees and costs to the appellants, although the amount will be affected by the limited extent of appellants' victory. We **REVERSE** the district court and **REMAND** for further proceedings in accord with this opinion. An award should include an allowance for fees and costs incurred in contesting the district court's order in this appeal.