United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-11388
Summary Calendar

DORIS WAYNE JACKSON, Individually and as
Representative of the Estate of Everett Ethridge
Jackson; VYONNE WEATHERLY,

                                        Plaintiffs-Appellees,

versus

NOCONA GENERAL HOSPITAL; ET AL.,

                                        Defendants,

CHARLES R. NORRIS; BARBARA JEAN PERRY,

                                        Defendants-Appellants.

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 7:03-CV-22)

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the following reasons, we find that the district court did not err in denying Defendants-Appellants, Charles Norris and Barbara Perry's, motion to dismiss based upon qualified immunity in this § 1983 action filed by the estate of Everett Jackson:

1.      A § 1983 suit for a deprivation of life falls squarely within the scope of constitutional protections.  U.S. CONST. amend. V, XIV; see  Gibbs v. Town of Frisco City, Alabama Police Dept., 626 F.2d 1218, 1222 n.5 (5th Cir. 1980).  "[A] supervisory defendant is still subject to § 1983 liability when he breaches a duty imposed by state or local law, and this breach causes the plaintiff's constitutional injury."  Doe v. Rains County Indep. Sch. Dist., 66 F.3d 1402, 1412 (5th Cir. 1995).  In this case, the Plaintiffs present a case that Norris and Perry violated several common law duties and state statutes regarding their duty to control the drug Mivacron and to supervise Nurse Jackson.  Norris and Perry are potentially liable under §1983, "not because [they] committed a distinct constitutional violation by breaching [their] duty to supervise, but because [their possible] failure to control [their] subordinate rendered [them] responsible for the subordinate's misconduct — essentially, [they were] legal participants."  Id. at 1413.

2.      The district court correctly found evidence that both Norris and Perry were deliberately indifferent to Everett Jackson's constitutional rights.  See Eugene v. Alief Ind. Sch. Dist., 65 F.3d 1299, 1305 (5th Cir. 1995); see also Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 453 (5th Cir. 1994).  First, Norris and Perry had a statutory duty to keep the Mivacron secure and to document its use.  Second,

Norris and Perry took no action when the mortality rate for their hospital more than doubled. They did not even begin an investigation until January 31, more than two months after Nurse Jackson began stealing Mivacron and killing patients. Everett Jackson was killed four days after their investigation began. While it might be arguable that Norris and Perry's conduct was tolerable in relation to the patients killed early in the months of November and December, the record shows that the conduct of the administrators allowing the death of Everett Jackson raised an issue of conscious indifference.

AFFIRMED.